COUCH, Appellee,

v.

CITY OF MIDDLETOWN et al., Appellants.

[Cite as *Couch v. Middletown* (1993), 86 Ohio App.3d 128.]

Court of Appeals of Ohio,
Butler County.

No. CA92–05–074.

Decided Feb. 1, 1993.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Renny J. Tyson; James C. Shew,* for appellee.

*Lee Fisher,* Attorney General, and *James M. Carroll,* Assistant Attorney General, for appellants, Industrial Commission of Ohio and Patrick Mihm, Administrator for the Bureau of Workers' Compensation.

*Lee M. Smith* and *Donald J. McTigue,* for appellant, city of Middletown.

---

WALSH, Judge.

This is an appeal from a Butler County Court of Common Pleas jury verdict that found plaintiff-appellee, Gregory Couch, was entitled to workers' compensation benefits.

Couch was hired in 1979 as a fire fighter for defendant-appellant, the city of Middletown. On June 13, 1983, Couch filed an occupational disease claim with defendant-appellant, the Ohio Bureau of Workers' Compensation ("OBWC"), which alleged that he had contracted rhinitis and a tumor in his nose as a result of exposure to smoke, fumes and toxic chemicals while fighting fires. Rhinitis is a respiratory condition that involves the inflammation of the membrane and tissue lining of the nose. The claim was subsequently denied by defendant-appellant, the Ohio Industrial Commission ("commission"), a decision which Couch did not appeal.

Couch continued to work for the fire department following the denial of the claim until October 9, 1987, when he resigned because he "could no longer endure the pain of the vasomotor rhinitis * * *." He then filed a claim with OBWC on January 30, 1989 on an injury claim form which averred that the cumulative effect of his exposure to toxic gases and substances during his employment as a fire fighter caused his vasomotor rhinitis.

The claim was denied by the commission and appellant appealed the denial to the Butler County Court of Common Pleas. OBWC and the commission subsequently moved for summary judgment on the grounds Couch's appeal was barred

by the statute of limitations and the doctrine of *res judicata.* In a decision issued November 20, 1991, the court determined genuine issues of material fact existed with respect to both issues and overruled those portions of the motion. The matter thereafter proceeded to trial, where a jury found Couch was entitled to participate in the Workers' Compensation Fund for the occupational diseases of vasomotor rhinitis and chronic rhinosinusitis. This appeal followed.

The crux of OBWC's single assignment of error is that the trial court erred in overruling both OBWC's summary judgment motion and motion for reconsideration of summary judgment. It is well established in Ohio that summary judgment may only be granted when the following three factors have been established:

"(1) [T]hat there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884, citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. See, also, Civ.R. 56(C).

The burden of showing that no genuine issue exists as to any material fact falls upon the party moving for summary judgment. *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St.3d 198, 201–202, 24 OBR 426, 428–429, 494 N.E.2d 1101, 1103–1104.

■ OBWC initially contends that *res judicata* barred Couch's claim as a matter of law, as the claim is substantively identical to the claim filed by Couch several years earlier that was denied and never appealed. To support its position, OBWC points to the deposition testimony of Couch's treating physician wherein the physician stated that despite the different terminology used, the condition diagnosed in 1982 is identical to the condition that underlies the claim filed in 1989.

■ We commence our discussion by observing that the doctrine of *res judicata* operates to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction. *Consumers' Counsel v. Pub. Util. Comm.* (1985), 16 Ohio St.3d 9, 10, 16 OBR 361, 475 N.E.2d 782, 783, citing *Trautwein v. Sorgenfrei* (1979), 58 Ohio St.2d 493, 12 O.O.3d 403, 391 N.E.2d 326, syllabus. *Res judicata* is applicable to administrative proceedings that involve workers' compensation claims, *State ex rel. Galloway v. Indus. Comm.* (1926), 115 Ohio St. 490, 492, 154 N.E. 736, 736, where it should be applied with flexibility. *Indepen-*

*dence v. Maynard* (1985), 25 Ohio App.3d 20, 28, 25 OBR 92, 100, 495 N.E.2d 444, 454. The rationale for preventing the same parties from relitigating the same cause of action is twofold: (1) public policy requires an end to litigation, and (2) the public is interested in protection of a person from being twice vexed for the same cause. *First Natl. Bank of Cincinnati v. Berkshire Life Ins. Co.* (1964), 176 Ohio St. 395, 400, 27 O.O.2d 360, 362, 199 N.E.2d 863, 866.

■ To give a prior judgment *res judicata* effect, it is paramount that the issue in the subsequent proceeding involve the same issue that was litigated in the original proceeding. *Quality Ready Mix, Inc. v. Mamone* (1988), 35 Ohio St.3d 224, 227, 520 N.E.2d 193, 196.

"Where * * * there has been a change in the facts in a given action which either raises a new material issue, or which would have been relevant to the resolution of a material issue involved in the earlier action, neither the doctrine of *res judicata* nor the doctrine of collateral estoppel will bar litigation of that issue in the later action." *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 45, 15 O.O.3d 53, 55, 399 N.E.2d 81, 83.

Within the specific context of workers' compensation claims, the Supreme Court of Ohio has held that a claim which alleged the claimant had contracted silicosis was not barred under *res judicata* by a similar claim filed nine years earlier where the claimant was not disabled when he filed the first claim, but at the time the second claim was made the claimant was totally disabled and had ceased working as a result of silicosis. See *Jacobs v. Teledyne, Inc.* (1988), 39 Ohio St.3d 168, 171, 529 N.E.2d 1255, 1259.

It is our belief the court below correctly determined that *res judicata* did not bar Couch's claim. The record shows that Couch continued to work as a fire fighter at the time he brought his first claim in 1983. When he filed his second claim four years later, the effects of the occupational disease had permanently disabled Couch and forced him to quit his job. On the basis of *Jacobs*, the change in circumstances that transpired between the filing of the claims leads us to conclude that the issue presented in 1989 was not identical to the issue that was litigated back in 1983. Consequently, the doctrine of *res judicata* does not apply.

■ OWBC next submits that Couch's claim was not brought within the time period specified in R.C. 4123.85 and thus should have been barred by the statute of limitations as a matter of law.

R.C. 4123.85 provides in relevant part as follows:

"In all cases of occupational disease, * * * claims for compensation or benefits shall be forever barred unless, within two years after the disability due to the

disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician or within two years after death occurs, application is made to the industrial commission or the bureau of workers' compensation or to the employer in the event the employer has elected to pay compensation or benefits directly."

In *White v. Mayfield* (1988), 37 Ohio St.3d 11, 14, 523 N.E.2d 497, 501, the Ohio Supreme Court interpreted R.C. 4123.85 as follows:

"[D]isability due to an occupational disease shall be deemed to have begun on the date on which the claimant first became aware through medical diagnosis that he or she was suffering from such disease, or the date on which claimant first received medical treatment for such disease, or the date claimant first quit work on account of such disease, whichever date is latest."

It is OBWC's contention that because Couch left work from November 7, 1981 to November 13, 1981 to undergo surgery for the removal of a tumor in his nose, any claim relating to his occupational disease needed to be filed by November 13, 1983.

We find no merit to OBWC's argument. While Couch may have left work for a short period of time in 1981, the record unequivocally establishes that he returned to his job following the surgery and worked as a fire fighter until October 9, 1987, at which time he resigned his position because of his deteriorating condition. He thereafter filed the instant claim on January 30, 1989. As Couch submitted the claim within a two-year period following the date he first quit work due to his occupational disease, this court finds a question of material fact existed as to the timeliness of the claim. Thus, an award of summary judgment in OBWC's favor was not warranted.

Finally, OBWC argues that because Couch filed his claim on an injury claim form and not an occupational disease claim form, the claim has been administratively dealt with as an injury as opposed to an occupational disease. To rectify the error, OBWC suggests that Couch's claim be remanded for further proceedings to the administrative level where the claim can be considered as a claim for occupational disease. This we refuse to do.

Admittedly, Couch did file the claim *sub judice* with the commission on a form that is intended for the filing of work-related injuries. Yet, despite this obvious error, a review of the record fails to reveal any evidence which suggests that the claim was treated as anything but a claim for occupational disease. The court below reached the same conclusion when it noted at the outset of its decision denying OBWC summary judgment that in spite of the language in Couch's claim, the parties in the action have treated the claim as an occupational disease claim. Moreover, even OBWC concedes in its brief that the record is replete

with references that the claim was considered a claim for occupational disease at the administrative level. In light of such evidence, OBWC's assertion that the claim was handled as a claim for a work-related injury is specious. Hence, to return the claim to the administrative level so that it could be processed as an occupational disease claim would be pointless.

In sum, construing the evidence in the case at bar in a light most favorable to Couch, OBWC has failed to meet the burden of showing that there were no genuine issues of material fact. The court below therefore properly denied the motion for summary judgment. Accordingly, OBWC's sole assignment of error is overruled.

*Judgment affirmed.*

KOEHLER, P.J., and WILLIAM W. YOUNG, J., concur.