**McCABE, Appellant,**

**v.**

**ZELLER CORPORATION et al., Appellees.**

[Cite as *McCabe v. Zeller Corp.* (1997), 117 Ohio App.3d 209.]

Court of Appeals of Ohio,
Third District, Defiance County.

No. 4–96–25.

Decided Jan. 16, 1997.

*Gallon & Takacas Co., L.P.A.*, *Theodore A. Bowman* and *Michael J. Niedzielski*, for appellant.

*Bugbee & Conkle*, *Robert L. Solt III* and *David M. McCarty*, for appellee Zeller Corporation.

*Betty Montgomery*, Attorney General, and *Robert D. Strauss*, Assistant Attorney General, for appellee James Conrad, Administrator of Workers' Compensation.

EVANS, Judge.

Mary I. McCabe appeals the judgment of the Court of Common Pleas of Defiance County granting a motion for summary judgment in favor of Zeller Corporation on a workers' compensation claim.

McCabe had filed an injury claim with the Bureau of Workers' Compensation in December 1993. That claim was for contusions to McCabe's left shoulder and for left wrist carpal tunnel syndrome, which McCabe alleged was caused by a workplace accident on October 20, 1993. In June 1994, McCabe's shoulder claim was allowed, but she was denied compensation for carpal tunnel syndrome. The district hearing officer found that the application lacked a concise statement by the attending physician on the causal relationship regarding the carpal tunnel syndrome. This decision was affirmed by the staff hearing officer, and McCabe did not appeal.

In January 1995, McCabe filed an occupational disease claim with the Bureau of Workers' Compensation, alleging that she had contracted carpal tunnel syndrome in her left wrist during the course of and arising out of her employment with Zeller. According to McCabe, her work as a lineperson at Zeller required repetitive hand movement that resulted in the development of carpal tunnel syndrome. The application McCabe submitted on the occupational disease claim was originally allowed by a hearing officer at the bureau on March 1, 1995, but upon review, McCabe's claim was denied. The staff hearing officer concluded that McCabe had not suffered an occupational disease as a result of her employment. The Industrial Commission of Ohio refused to hear McCabe's appeal, so on October 3, 1996 she filed an appeal in the Common Pleas Court of Defiance County.

On January 8, 1996, Zeller moved for summary judgment with the trial court, arguing that McCabe's occupational disease claim for carpal tunnel syndrome was barred by *res judicata*, since her injury claim for the same syndrome had been denied by the bureau in 1994. McCabe filed a memorandum in opposition to Zeller's motion for summary judgment on February 1, 1996, arguing that the injury claim for carpal tunnel syndrome was distinct from the occupational disease claim, since the claims themselves required proof of different elements and the underlying facts alleged as the cause of the syndrome in each application were different. The trial court granted Zeller's motion for summary judgment, finding that *res judicata* barred McCabe's second occupational disease claim, since the bureau had previously considered her right to participate in the fund for the carpal tunnel syndrome under her injury claim. The trial court reasoned that it was McCabe's initial burden to determine what type of claim to bring to the bureau—an injury or occupational disease claim—and that having chosen to seek

compensation under an injury claim, it was her burden to demonstrate the compensability of the condition accordingly. Since McCabe had failed to support the injury claim with adequate evidence, the trial court found it would be unfair to require Zeller to answer for the subsequent claim on the same condition.

■ Appellant, McCabe, appeals the trial court's decision to grant summary judgment in favor of Zeller to this court, asserting the following sole assignment of error:

"The trial court erred in holding that plaintiff's claim is barred by *res judicata*. Plaintiff's claim is not identical to that in the prior claim; rather it is a separate claim that was timely filed and could not have been litigated in the earlier action."

It is well established in Ohio that summary judgment may be granted only when the following three factors have been demonstrated:

"[T]hat there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. See Civ.R. 56(C).

The burden of showing that no genuine issue exists as to any material fact falls upon the party moving for summary judgment. *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St.3d 198, 201–202, 24 OBR 426, 428–430, 494 N.E.2d 1101, 1103–1105. See Civ.R. 56(C).

The basis for Zeller's motion for summary judgment as well as its brief on appeal was that appellant's January 1995 occupational disease claim is substantively identical to the injury claim filed by appellant in December 1993. Zeller contends that the same parties are involved in each claim and that each claim involves appellant's right to participate for the same medical condition—carpal tunnel syndrome. Consequently, Zeller argues that *res judicata* bars appellant's latter claim.

■ The doctrine of *res judicata* operates to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction. *Office of Consumers' Counsel v. Pub. Util. Comm. of Ohio* (1985), 16 Ohio St.3d 9, 10, 16 OBR 361, 361–362, 475 N.E.2d 782, 783–784. The policy behind the doctrine is twofold: (1) to ensure an end to litigation and (2) to prevent a party from being twice vexed for the same cause. *LaBarbera v. Batsch* (1967), 10 Ohio St.2d 106, 113, 39 O.O.2d 103, 108, 227 N.E.2d 55, 61–62, citing *First Natl. Bank of Cincinnati v.*

*Berkshire Life Ins. Co.* (1964), 176 Ohio St. 395, 27 O.O.2d 360, 199 N.E.2d 863, paragraph three of the syllabus. *Res judicata* applies to administrative proceedings that are judicial in nature, like workers' compensation claims, since the parties had an opportunity to litigate the issues. *Set Prods., Inc. v. Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St.3d 260, 263, 31 OBR 463, 465–466, 510 N.E.2d 373, 376–377; see *State ex rel. Galloway v. Indus. Comm.* (1926), 115 Ohio St. 490, 492, 154 N.E. 736, 736.

■ To afford a prior judgment *res judicata* effect, it is imperative that the issue in the subsequent proceeding involve the same issue that was litigated in the original proceeding. *Quality Ready Mix, Inc. v. Mamone* (1988), 35 Ohio St.3d 224, 520 N.E.2d 193, paragraph two of the syllabus.

On appeal, Zeller relies on the cases of *Hammock v. Trimble* (Apr. 5, 1995), Summit App. No. 16838, unreported, 1995 WL 149153, and *Stanton v. Trimble* (Sept. 29, 1993), Summit App. No. 16055, unreported, 1993 WL 379070, to show that appellant's occupational disease claim is barred by *res judicata.* The plaintiff in *Hammock* filed an injury claim with the Bureau of Workers' Compensation for degenerative joint disease in his knees, which he alleged he had contracted at work as a result of carrying fifty-pound buckets daily for thirty years. The bureau reclassified the claim as an occupational disease and subsequently denied Hammock participation in the fund. Hammock then filed a second injury claim alleging an aggravation of his degenerative joint disease due to the cumulative effect of carrying heavy objects at work. When the bureau again tried to reclassify the claim, Hammock notified the agency that his claim was based on an injury and not a disease. Following a hearing, the bureau later disallowed his injury claim. After he exhausted the administrative appeal process, Hammock's case was eventually heard by the Ninth District Court of Appeals. The appeals court found that *res judicata* barred Hammock's subsequent claim, since the same parties, injuries, and facts were alleged in each claim.

In *Stanton,* the plaintiff bus driver filed a claim for compensation with the bureau based on a cervical strain he reportedly received on a specific day in 1988 while maneuvering a right turn on the job. Stanton's treating physician noted that Stanton had indicated neck pain in 1987. The hearing officer denied Stanton's injury claim. Two years later, Stanton filed another worker's compensation claim for an occupational disease. Again, Stanton alleged a cervical strain and claimed that his symptoms first began in 1987. The hearing officer denied Stanton's occupational disease claim and Stanton appealed. The Ninth District Court of Appeals decided that Stanton's second claim for an occupational disease was barred by *res judicata,* since his second claim alleged identical facts, and involved the same parties and issues of compensability.

We find that these cases are distinguishable from the present case. While the instant case involves the same parties and appellant's injury and occupational disease claim both seek compensation for the same condition, carpal tunnel syndrome, we find that the facts alleged in the claims are distinct and present different issues for determination.

Clearly, the facts necessary to establish an injury claim versus an occupational injury claim are different in that each claim requires demonstration of different elements. To demonstrate an injury, a claimant must show an injury caused by accidental means, received in the course of, and arising out of, the claimant's employment. R.C. 4123.01(C). A compensable injury can also be an injury that develops gradually over time as the result of the performance of the claimant's work. *Village v. Gen. Motors Corp.* (1984), 15 Ohio St.3d 129, 15 OBR 279, 472 N.E.2d 1079, syllabus. The standard for receiving compensation for an occupational disease is different, however. In occupational disease cases, the burden is on the claimant to show (1) that the disease was contracted in the course of employment, (2) that the disease, by its causes and characteristics of its manifestation or the condition of the employment, results from a hazard that distinguishes the employment in character from employment generally, and (3) that the employment creates a risk of contracting the disease in greater degree than and in a different manner from the public generally. R.C. 4123.01(F).

Unlike in *Hammock* and *Stanton*, wherein the Ninth District Court of Appeals found that the plaintiffs had alleged identical facts in both the injury and disease claims, appellant in this case alleged different facts, presenting different issues for determination by the court. On October 20, 1993, appellant fell at work, and within a week her left hand experienced symptoms later diagnosed as carpal tunnel syndrome. Her December 1993 injury claim sought compensation for the syndrome along with other injuries related to the accident. The issue in that claim was whether or not the carpal tunnel syndrome that appellant alleged was caused by her fall on October 20, 1993 was in fact "caused by accidental means, received in the course of, and arising out of the claimant's employment," thus qualifying as a compensable injury under R.C. 4123.01(C). Because the bureau could not find evidence that the syndrome was caused by the accident, that part of the injury claim was denied. In January 1995, appellant's occupational disease claim alleged that carpal tunnel syndrome had developed as a result of the repetitive use of her hands in the course of her employment. The issue here was whether or not the carpal tunnel syndrome was a disease contracted during her employment, as a result of her work, and at a rate higher than and in a manner different from the general public as appellant alleged, so as to qualify as a compensable occupational disease. Because of the different facts appellant alleged in support of the second claim, the issue presented to the bureau was not

identical to the one it had previously considered in 1993. *Res judicata*, therefore, did not bar the claim, and Zeller's motion for summary judgment should not have been granted on that basis.

■ Furthermore, although the judgment entry of the trial court seems to imply that appellant has only one avenue available to her when seeking workers' compensation—a choice between an injury or an occupational disease claim—we are not convinced that application for one claim absolutely precludes application for the other. We find no statutory authority barring such subsequent claims. Clearly, in many cases like *Hammock* and *Stanton* where the parties, issues, and underlying facts supporting each claim are identical, *res judicata* will take effect to bar identical additional claims with different labels. However, in cases where the two claims are distinguishable by the facts supporting their applications, we find that *res judicata* does not bar subsequent claims, since different issues are presented for consideration. As a result of the foregoing, we sustain appellant's assignment of error.

Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.