Billy Faulkner appeals from a summary judgment entered by the court of common pleas in favor of the City of Dayton on Faulkner's worker's compensation claim. Faulkner argues that the trial court erred in holding that his industrial injury claim against his employer, the City of Dayton, for workers compensation benefits is barred by the doctrine of resjudicata. For reasons discussed infra, we agree with Faulkner. Accordingly, we reverse the judgment of the trial court.
Billy Faulkner was employed for many years as a SWAT team commander for the City of Dayton police department. On March 3, 1993, Faulkner simultaneously filed two claims with the Ohio Bureau of Worker's Compensation (BWC). One claim was for an occupational disease, filed on form OD-1. In his disease claim Faulkner asserted:
 I contracted an occupational disease of arteriosclerotic heart disease as a direct or proximate result of my occupational activities as a S.W.A.T. team commander.
This disease claim, which is compensable pursuant to R.C.4123.68, was assigned claim number 12393 by BWC.
Faulkner's other claim was for an accidental injury, filed on form C-1. In his injury claim Faulkner asserted:
 The stress of my duties as a S.W.A.T. team commander for 12 years including but not limited to the freeing of hostages; the dealing with individuals holding the hostages; the execution of drug search warrants; the supervision of 20 people within the unit including the dealing with stress from others threatening to kill themselves and spouses; and other street related job responsibilities aggravated, accelerated and contributed to the development of ASHD directly or proximately hastening coronary angioplasty.
This injury claim, which is compensable pursuant to R.C.4123.01(C), was assigned claim number PEL226122 by BWC.
Faulkner's two claims were at all times treated as separate proceedings by BWC, and were administratively processed and adjudicated separately.
Faulkner's disease claim was initially allowed by the district hearing officer. Upon appeal by the City of Dayton, the Dayton Regional Board of Review also allowed the claim. Upon further appeal, however, the staff hearing officer disallowed the disease claim.
Faulkner appealed that decision to the court of common pleas in case number 94-138. On October 5, 1994, Faulkner voluntarily dismissed that action pursuant to Civ.R. 41 (A) (1) (a). Faulkner did not refile his action within one year thereafter, and thus the order of the staff hearing officer disallowing Faulkner's disease claim became final and binding.
BWC initially disallowed Faulkner's injury claim on August 9, 1994. Faulkner appealed that decision to the district hearing officer who, on October 18, 1995, also disallowed this claim. Faulkner further appealed to the staff hearing officer who, on December 1, 1995, also disallowed the claim. On January 9, 1996, the Industrial Commission of Ohio refused to hear Faulkner's appeal, whereupon Faulkner appealed to the court of common pleas in case number 96-892. On January 23, 1997, Faulkner voluntarily dismissed this action pursuant to Civ.R. 41 (A) (1) (a).
On October 24, 1997, Faulkner refiled the action on his injury claim in the court of common pleas in case number 97-7804. Subsequently, the City of Dayton moved for summary judgment, arguing that Faulkner's injury claim is barred by the doctrine of res judicata. Faulkner responded with a memorandum contra.
On May 29, 1998, the trial court filed its decision and order granting the City of Dayton's motion for summary judgment. The court held that Faulkner's injury claim is virtually identical to his disease claim that had previously been administratively denied, because both claims arose out of the same operative facts. Therefore, the prior adjudication of that disease claim bars the subsequent injury claim under the doctrine of resjudicata. In so holding, the trial court relied on Hammock v.Trimble (April 5, 1995), Summit App. No. 16838, unreported; andStanton v. Trimble (September 29, 1993), Summit App. No. 16055, unreported.
From the trial court's decision Billy Faulkner has timely appealed to this court.
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING THE EMPLOYER'S MOTION FOR SUMMARY JUDGMENT FINDING THAT THE FINAL ADJUDICATION OF THE CLAIMANT'S OCCUPATION DISEASE CLAIM BARS THE ADJUDICATION OF THE CLAIMANT'S INJURY CLAIM UNDER THE DOCTRINE OF RES JUDICATA, AS THE CLAIM FOR OCCUPATIONAL DISEASE BENEFITS AND THE CLAIM FOR ACCIDENTAL INJURY BENEFITS INVOLVE DIFFERENT CLAIM NUMBERS, DIFFERENT ADMINISTRATIVE HEARINGS FOR EACH CLAIM, DIFFERENT STATUTES OF LIMITATIONS, DIFFERENT BURDENS OF PROOF AND DIFFERENT ISSUES OF MEDICAL CAUSATION.
In Grava v. Parkman Township (1995), 73 Ohio St.3d 379, the Ohio Supreme Court in discussing the doctrine of res judicata
held:
 A valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. (Paragraph two of the syllabus of Norwood v. McDonald [1943], 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, overruled; paragraph two of the syllabus of Whitehead v. Gen. Tel. Co. [1969], 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, overruled to the extent inconsistent herewith; paragraph one of the syllabus of Whitehead, supra, modified; 1 Restatement of the Law 2d, Judgments [1982], Sections 24-25, approved and adopted.)
Syllabus.
In Grava the Supreme Court observed that res judicata bars all subsequent actions that arise out of the same transaction, that is, the same common nucleus of operative facts that was the subject of the previous litigation, even if the subsequent action relies on different claims, grounds, or theories for relief and different evidence in support of those theories. In other words, a party cannot avoid the claim preclusive effect of res judicata by merely raising in a subsequent action different claims or theories for imposing liability and introducing different evidence to support those new theories.Marbella Associates v. Swaninger (June 21, 1996), Montgomery App. No. 15458, unreported.
Faulkner argues that the administrative resolution of his disease claim does not bar his injury claim under the doctrine of res judicata because the two claims are not the same. He states that they involve different claim numbers, separate administrative hearings and proceedings, different statutes of limitation, different elements of proof, and different medical causation requirements. In support of his position, Faulkner relies upon McCabe v. Zeller Corp (1997), 117 Ohio App.3d 209, and Kouskouris v. Administrator (1997), Stark App. No. 1997 CA00035, unreported.
The City of Dayton argues that Faulkner's disease and injuries claims are identical because, while the claims for relief differ, they arise out of identical operative facts. Therefore, the adjudication of Faulkner's disease claim barred his subsequent injury claim.
The City of Dayton argues that the cases relied upon by Faulkner are distinguishable from Faulkner's situation because the operative facts underlying the respective disease and injury claims in those cases were different: the injury claim was based upon a specific injury incident occurring on a particular date, whereas the disease claim was predicated upon a condition developing gradually over a long period of time as a result of the nature of the employment. In this case, however, both Faulkner's disease claim and his injury claim are predicated upon the same operative facts: the stress of Faulkner's employment duties as a SWAT team commander over a period of years which caused Faulkner to develop arteriosclerosis and aggravated that pre-existing condition.
The doctrine of res judicata applies to administrative proceedings that are judicial in nature, including workers compensation proceedings before the Industrial Commission, where the parties have had ample opportunity to litigate the issues involved. Set Products, Inc. V. Bainbridge Twp. Bd. OfZoning Appeals (1987), 31 Ohio St.3d 260; Kroger v. Indus.Comm. (1998), 80 Ohio St.3d 649.
Among the principal policies underlying the doctrine ofres judicata is the avoidance of a multiplicity of lawsuits arising out of the same operative facts, and assuring an end to litigation. Queener v. City of Dayton (December 31, 1997), Montgomery App. No. 16494, unreported. The efficient use and conservation of limited judicial and quasi-judicial resources is achieved by providing parties an incentive to resolve conclusively an entire controversy involving the same core facts. Grava, supra.
Since 1986, the Ohio Supreme Court has adhered to the modern application of the doctrine of res judicata, that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have beenlitigated in the first lawsuit." Grava, supra, quoting NationalAmusements, Inc. v. Springdale (1990), 52 Ohio St.3d 60. See also Scott v. Navistar International (May 31, 1996), Clark App. No. 95-CA-121, unreported. The doctrine of res judicata
thus requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.Rogers v. Whitehall (1986), 25 Ohio St.3d 67. Implicit within that doctrine is the notion that for res judicata to apply and bar issues raised in a subsequent action, a plaintiff must have had ample opportunity to litigate all of those issues in the first action. Scott, supra; Queener, supra.
The City of Dayton argues that Faulkner had ample opportunity to litigate his injury claim before the Industrial Commission at the same time he litigated his disease claim. The City further asserts that Faulkner could have litigated his injury claim in common pleas court when he appealed the denial of his disease claim to common pleas court, given the de novo nature of those proceedings. We disagree with both of these contentions.
Pursuant to the administrative regulations and procedures promulgated by the Administrator of BWC, disease claims and injury claims are filed on separate forms, are assigned separate case numbers, and are administratively processed and adjudicated separately, as they were in this case. At the time Billy Faulkner appealed to the common pleas court from the disallowance of his disease claim, he could not have included and litigated the denial of his injury claim. His injury claim, which was processed separate and apart from his disease claim, had not yet completed its journey through the administrative appeal process prescribed by R.C. 4123.511. Thus, Faulkner's injury claim was not then available for appeal to the common pleas court.
Pursuant to R.C. 4123.512, Faulkner was not entitled to appeal the disallowance of his injury claim to the common pleas court until the denial of that claim was administratively appealed to the Industrial Commission and that body either disallowed the injury claim or refused to hear the appeal. Those events did not occur in this case until January 9, 1996, approximately two years after Faulkner had appealed to the common pleas court from the disallowance of his disease claim. Where an issue has not been decided in the administrative appeal process, ordinarily it may not be raised for the first time on appeal to the court of common pleas. Mull v. Jeep Corp.
(1983). 13 Ohio App.3d 426. Accord: Hausch v. Alsides, Inc.
(August 12, 1998), Median App. No. 2230-M, unreported.
Billy Faulkner did not have an ample opportunity to litigate and have his injury claim adjudicated at the same time he litigated his disease claim before the Industrial Commission and the common pleas court. The final judgment as to Faulkner's disease claim is, therefore, not conclusive as to his injury claim because that injury claim could not have been litigated in the first action in the court of common pleas. Accordingly,res judicata does not apply to bar Faulkner's injury claim in the subsequent action.
We have reviewed the decisions in Hammock v. Trimble, supra,
and Stanton v. Trimble, supra, on which the trial court relied in rendering summary judgment for the City of Dayton. The opinions in those cases do not indicate that those courts were confronted with or that they ruled upon the particular issue that Faulkner has presented, whether the two-track system for processing and appealing disease and injury claims prevents application of the res judicata doctrine. This appeal differs from those other cases in that regard, and we are persuaded that Faulkner is correct in the position he has taken on the issue presented.
The City of Dayton was not entitled to judgment as a matter of law, and thus the award of summary judgment in the City's favor was incorrect. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64. The judgment of the common pleas court will be reversed, and the case will be remanded to that court for further proceedings consistent with this opinion.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
James R. Piercy, Esq. Stephen L. Devita, Esq. Steven P. Fixler, Esq. Hon. Barbara Pugliese Gorman