OPINION
Plaintiff-appellant, Scott Cooper, appeals the decision of the Warren County Court of Common Pleas granting summary judgment to defendants-appellees, Ebsco Industries, Inc., the Ohio Bureau of Workers' Compensation ("BWC") and the Industrial Commission of Ohio ("IC"). For the reasons that follow, we affirm the decision of the trial court.
On February 23, 1996, appellant allegedly sustained injury to his knees during the course and scope of his employment with Ebsco Industries, Inc. Appellant thereafter filed an application for payment of medical benefits with the BWC. In support of his workers' compensation claim, appellant provided medical records from Steven Grendel, M.D. and Wayne Amendt, M.D.
The BWC denied appellant's application for medical benefits on May 22, 1996. In its order, the BWC determined that the evidence, based on the medical documentation provided in the claim file, did not support a finding that appellant sustained a compensable physical injury. The order, however, only referenced the medical documentation provided by Dr. Grendel. The order further specified that either appellant or his employer could appeal the order to the IC. The order stated:
BWC law requires a 14 day appeal period. * * *
 If the injured worker or the employer disagrees with this decision, either may file an appeal within 14 days of receipt of this order. * * *
 IF AN APPEAL IS NOT RECEIVED WITHIN 14 DAYS, THIS DECISION IS FINAL.
 * * * [I]f you are not satisfied with this order, you must file an appeal within 14 days of receipt of this order.
Appellant did not appeal the BWC's order until June 26, 1996, when he sent a letter to the BWC requesting an appeal.
On September 23, 1996, appellant filed a motion with the IC pursuant to R.C. 4123.522 requesting a determination that he timely filed his appeal. R.C. 4123.522 allows a party to extend the deadline for appeal by twenty-one days where the party rebuts the statutory presumption of receipt of a BWC decision. An IC staff hearing officer denied appellant's motion, finding that appellant had received the BWC decision, but failed to timely file an appeal. Appellant separately filed two motions for reconsideration and the IC denied both motions.
Appellant filed a second application with the BWC on December 29, 1997 for payment of medical benefits for the same alleged injury to his knees. The description of appellant's injury in the second application was essentially the same as his initial application for benefits.
The BWC referred appellant's motion to the IC for consideration in light of the decision in Greene v. Conrad (Aug. 21, 1997), Franklin App. No. 96APE12-1780, unreported. In Greene, the BWC denied Linda Greene's application for worker's compensation benefits because she failed to provide all of the information requested by the BWC to establish a claim. Id. Greene did not appeal the denial of her claim. Id. Instead, she filed a new application that was identical to her initial application except that she included medical records. Id. The court held that Greene's second application was not precluded by the doctrine ofres judicata because the first application was not decided on the merits of the claim. Id.
The district hearing officer in this case concluded that appellant's claim was not similar to Greene. The district hearing officer found
 that the original BWC order dated 5/22/96, which denied the claim, constituted a decision on the merits of the claim. The language in the order indicates a denial of the claim because the evidence did not support a physical injury or occupational disease. The order does not indicate the denial was based on a lack of evidence. The BWC order was based on medical evidence from Dr. Grendel. Additionally, the progress notes of the claims representative dated 5/20/96 indicate that the claim was being denied because the medical evidence showed "no known trauma."
The district hearing officer concluded that the BWC denied appellant's claim in an order that was a ruling on the merits. The order was not appealed in a timely manner and was, therefore, final.
Appellant appealed the district hearing officer's decision to an IC staff hearing officer. The staff hearing officer concluded that the IC lacked jurisdiction to consider appellant's second claim because it was identical to the claim that the BWC initially denied on May 22, 1996. The staff hearing officer further found that
 this claim was denied by the BWC after having reviewed the medical reports of Dr. Amendt dated 2/23/96 and 4/22/96, which were filed prior to the decision of the BWC. * * * [T]he claim was denied based on a finding that "the evidence does not support a finding that the employee sustained a physical injury or has contracted an occupational disease." While that order cited the medical evidence of "Dr. Grendel," it is clear that the BWC claims examiner was referring to the reports of Dr. Amendt.
* * *
 Since the claimant's appeal filed 6/26/96 is found untimely, the order of the BWC dated 5/22/96 is the final order on the merits of the claim.
Appellant appealed the decision of the staff hearing officer to the IC. The IC concurred with the decision of the staff hearing officer.
On August 14, 1998, appellant filed an appeal to the Warren County Common Pleas Court pursuant to R.C. 4123.512. On cross motions for summary judgment, the trial court entered judgment in favor of appellees. Appellant appeals from the decision of the trial court and raises one assignment of error. Appellant argues that the trial court erred by granting summary judgment in favor of appellees. Appellant contends that his second application for workers' compensation benefits should not be barred by the doctrine of res judicata because it fits within the facts of theGreene decision.
It is appropriate for a trial court to grant summary judgment pursuant to Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claims. Desher v. Burt (1996), 75 Ohio St.3d 280,293. If the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.Id; Civ.R. 56(E). This court reviews a trial court's decision to grant summary judgment de novo. Jones v. Shelly Co. (1995),106 Ohio App.3d 440.
Res judicata operates "to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." State ex rel. Kroger Co. v. Indus. Comm. (1988),80 Ohio St.3d 649, 651, quoting Consumers' Counsel v. Pub. Util.Comm. (1985), 16 Ohio St.3d 9, 10. Where there is a valid, final judgment rendered upon the merits, res judicata bars all subsequent actions based upon any claim arising out of the transaction of occurrence that was the subject of the previous action. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
The doctrine of res judicata applies to administrative proceedings that are judicial in nature, including workers' compensation proceedings before the IC, where the parties have had ample opportunity to litigate the issues involved in the case.State ex rel. Kroger Co. v. Indus. Comm. (1988), 80 Ohio St.3d 649,651; Set Products v. Bainbridge Twp. Bd. of Zoning Appeals
(1987), 31 Ohio St.3d 260, 263. Res judicata precludes relitigation of identical worker's compensation claims conclusively decided in a valid, final judgment on the merits. See State ex rel. Crisp v. Indus. Comm. (1992), 64 Ohio St.3d 507,508; Greene v. Conrad (Aug. 21, 1997), Franklin App. No. 96APE12-1780, unreported. Res judicata does not apply if the issue is the claimant's physical condition or degree of disability at two entirely different times. State ex rel. B.O.C. Group v.Indus. Comm. (1991), 58 Ohio St.3d 199, 201. Nor does an application for either an injury or occupational disease claim absolutely preclude a claimant from later filing an application for the other type of claim. McCabe v. Zeller Corp. (1997),117 Ohio App.3d 209, 215; Couch v. Middletown (1993), 86 Ohio App.3d 128,133.
Appellant's appeal to the trial court regarding the denial of his second application for workers' compensation benefits was based on the same injury that was the subject of his first application. The administrative order that denied appellant's claim because there was no evidence a compensable injury was a valid, final judgment that was rendered on the merits of the claim. Therefore, appellant's second application is barred by resjudicata because it originated out of the same occurrence that was the subject matter of the previous administrative proceedings.
Further, this case does not fit within the parameters of theGreene decision. Unlike Greene, appellant provided medical evidence with his first application for benefits, enabling the BWC to decide his application on the merits. The BWC decision became final when appellant failed to file a timely appeal. The applicant in Greene failed to provide evidence to allow the BWC to decide her application on its merits so that the dismissal of her application was ministerial, rather than a final judgment that would preclude relitigation of the claim. Greene v. Conrad (Aug. 21, 1997), Franklin App. No. 96APE12-1780, unreported.
The trial court correctly determined that appellees are entitled to judgment as a matter of law. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.