OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Cynthia Perry, appeals a decision of the Lake County Court of Common Pleas dismissing her breach of contract action against appellees, Perry Local School District, the Perry Board of Education, and the Board of Education, Perry Local School District (collectively, the "School District"). The following facts are relevant to a determination of this appeal.
Appellant was employed as a bus driver for the Perry Local School District. On August 9, 1997, she was arrested for driving while under the influence of alcohol while in her own personal vehicle and driving during non-working hours. She was relieved of her duties as a bus driver and placed on home assignment. Then, in November 1997, she was suspended without pay or benefits. Shortly, thereafter, appellant entered a plea of no contest to the DUI charge and was found guilty by the trial court. Appellant's operator's license was suspended and six points were placed on her driving record, which resulted in the revocation of her bus driver's certificate by the Lake County Educational Service Center. Additionally, the School District's insurance carrier notified it that they would no longer insure appellant as part of the district's fleet coverage. In fact, appellant's exclusion was made a condition of continued insurability for the School District's entire fleet.
On December 16, 1997, the School District adopted a resolution to consider appellant's discharge at a pre-termination hearing due to her uninsurability as a bus driver. The pre-termination evidentiary hearing was conducted on January 12, 1998, by Dr. Robert Geisler, an associate district superintendent of the Perry Local School District. Appellant testified that she had completed a remedial driving course that reduced the points against her license from six to four, and that she had been assessed by a drug and alcohol treatment center as not being chemically dependant.
Dr. Geisler recommended to the superintendent of the Perry Local School District, Dr. Howard, that appellant be terminated. Dr. Howard, in turn, recommended that appellant be terminated to the School District. On February 2, 1998, the School District agreed and passed a resolution terminating appellant's employment effective February 3, 1998. Appellant timely appealed this decision to the Lake County Court of Common Pleas pursuant to R.C. 3319.081(C). That case was given Case No. 98 CV 000211.
Subsequently, on May 27, 1998, appellant also filed a complaint for breach of contract and negligence against the School District in the Lake County Court of Common Pleas, which was given Case No. 98 CV 000689. Both of these cases were assigned to Judge James W. Jackson. On July 31, 1998, the School District, in Case No. 98 CV 000689, filed a motion to dismiss and/or a motion to consolidate the two cases. Appellant filed a reply agreeing that the cases involved common questions of law and fact and were proper to consolidate. The trial court, however, declined to consolidate the cases.
On March 30, 1999, the trial court, after reviewing the transcript and exhibits from the administrative hearing and the brief filed by the School District affirmed the decision of the School District in Case No. 98 CV 000211. The trial court held that pursuant to Article III, Section E(1), of the collective bargaining agreement between appellant's union and the School District, appellant could be discharged for just cause. By rendering herself uninsurable, appellant provided the School District with just cause to discharge her. One of the implicit conditions of her employment is the requirement that she be an insurable risk. Appellant appealed that decision to this court, which was designated Case No. 99-L-071.
Meanwhile, in the civil complaint for breach of contract and negligence, the trial court dismissed counts two and three on April 28, 1999. That judgment is not part of this appeal. However, on October 20, 1999, the trial court granted the School District's motion for summary judgment as to the first count of appellant's complaint which was for breach of contract. The trial court based its decision on the doctrine of res judicata, noting that the breach of contract claim had already been litigated in Case No. 98 CV 000211, with a conclusion adverse to appellant.
From the trial court's final judgment, appellant timely filed a notice of appeal, and has now set forth two assignments of error. First, appellant contends that the trial court erred in failing to grant appellee's motion to consolidate the two related cases. We disagree.
Civ.R. 42(A) permits courts to order the consolidation of pending cases where they involve common questions of law or fact. However, a trial court has discretion in ruling on a motion to consolidate, and a reviewing court will not reverse the trial court's decision absent an abuse of discretion. McDonnold v.McDonnold (1994), 98 Ohio App.3d 822, 827. An abuse of discretion has been defined as an attitude that is unreasonable, arbitrary or unconscionable. AAAA Enterprises, Inc. v. River Place CommunityUrban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161. Additionally, "the management of cases lies within the discretion of the court, and not with the parties so long as the rights of the parties are adequately protected." Dir. of Highways v.Kleines (1974), 38 Ohio St.2d 317, 320.
It is unclear to this court how the trial court's decision to deny the School District's motion to consolidate negatively affected the rights of appellant. The trial court's decision had no effect whatsoever on appellant's ability to litigate her claims. Thus, the denial of the School District's motion did not adversely affect appellant's breach of contract claim in this case.
Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred in granting the School District's motion for summary judgment on her breach of contract claim. Once again, we disagree.
In the present case, the trial court held that claim preclusion prevented this case from proceeding any further. The court stated:
 "In Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, the Ohio Supreme Court adopted an expansive view of claim preclusion, holding that a valid, final judgment rendered upon the merits bars all subsequent actions based upon a claim arising out of the transaction or occurrence that was the subject matter of the previous action. In addition, an existing final judgment or decree between the parties is conclusive as to all claims which were or might have been litigated in a first lawsuit. Id. at 382; Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69; Natl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62. The rationale for preventing the same parties from relitigating the same cause of action is twofold: (1) public policy requires an end to litigation; and (2) the public is interested in protecting a person from being twice being [sic] vexed for the same cause. Couch v. Middletown (1993), 86 Ohio App.3d 128, 132 citing First Natl. Bank of Cincinnati v. Berkshire Life Ins. Co. (1964), 176 Ohio St. 395, 400."
 We agree. Appellant's breach of contract claim was fully and fairly addressed in Case No. 98 CV 000211, the corresponding administrative action which had already been before the trial court. Appellant had raised the same arguments in that case which she raised in the instant cause. The analysis and outcome would be identical. Thus, even if it had been error for the trial court to use res judicata as a means of terminating the case, the error could not have been anything more than harmless. Whether this case is examined in an administrative proceeding or in the context of a civil action, the fact remains that pursuant to Article III, Section E(1) of the collective bargaining agreement, appellant's employment was subject to termination for just cause. Appellant's actions in making herself uninsurable constituted just cause. Hence, it is clear that the outcome would have been the same had the trial court not granted summary judgment on the basis of res judicata.
Appellant's second assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 ___________________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., MAHONEY, J., Ret., Eleventh Appellate District, sitting by assignment, concur.