DECISION AND JUDGMENT ENTRY
This workers' compensation case is before us on appeal from the Williams County Court of Common Pleas, which granted summary judgment in favor of appellee, Plastech Exterior Systems, Inc. For the reasons that follow, we affirm.
On June 16, 1999, appellant Shelley Hayes filed a "First Report of an Injury, Occupational Disease or Death" form with the Bureau of Workers' Compensation. The claim was assigned the number 99-426203. The report indicated that appellant had seen Doctor Derikson, who had diagnosed appellant with having "tendonitis of the Lt. Hand," diagnosis number 726.90. Appellee rejected the claim, and the claim was then heard by a district hearing officer. The district hearing officer's decision states, in pertinent part:
 "This District Hearing Officer finds the evidence before the Industrial Commission fails to support the claimant's contention that she sustained an injury in the course and scope of her employment on 5/18/99.
"Therefore, this claim is denied in its entirety.
 "The contemporaneous medical records in file do not describe anywhere any specific incident of injury occurring on 5/18/99. Today, claimant testified concerning jamming her finger while turning the wheel of her tow motor, but no where in any of the medical reports in file is any mention of this or any specific incident of injury mentioned. (See Doctor Derickson 6/2/99, 5/19/99, and 5/25/99.)
 "Further, there is no credible medical evidence on file establishing any causal relationship between the claimant's prior and ongoing complaints of left onset pain to her employment activities. Doctor Derickson's statement of 9/14/99 is found not to be persuasive in light of his contemporaneous medical records."
A staff hearing officer affirmed this decision, using the same reasoning as the district hearing officer. No further appeal was taken.
In February 2000, appellant filed another "First Report of an Injury, Occupational Disease or Death" form, and this claim was assigned number 99-617122. The report stated that appellant was injured on 5/19/99, and Doctor Derickson's diagnosis was "Overuse Tendonitis [Left] hand," again with the diagnosis code 726.90. Appellee rejected this claim, noting that this claim had previously been denied in claim number 99-426203. Appellant appealed, and a district hearing officer denied the claim. The decision stated, in pertinent part:
 "Claimant at hearing described both a wear and tear type of injury and specific event on 5/19/99 when her finger jammed while turning the steering wheel of the tow motor. This was the same injury described in reference claim 99-42203 [99-426203]. Though the injury date is a day off in the two claims, the C-30 submitted by Doctor Ralston to support the claim also lists 5/18/99 as the date of injury/disability. As such, it is the finding of the District Hearing Officer that the issues set forth for hearing today have already been adjudicated.
 "The claim is therefore denied." (Emphasis in original.)
Appellant appealed, and a staff hearing officer affirmed the decision. The Industrial Commission affirmed the staff hearing officer's decision.
Appellant then filed an appeal with the Williams County Court of Common Pleas. The trial court entered summary judgment in favor of appellee, finding that appellant's second claim was barred by res judicata. Appellant appeals from that judgment, setting forth the following assignment of error:
"ASSIGNMENT OF ERROR NUMBER ONE
 "THE FACTS AVAILABLE TO THE TRIAL COURT, IN CONSIDERING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT-APPELLEE, PLASTECH EXTERIOR SYSTEMS, INC., PRECLUDED THE GRANTING OF THE MOTION BASED UPON THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL."
We review the trial court's ruling on the summary judgment motion denovo. Conley-Slowinski v. Superior Spinning (1998), 128 Ohio App.3d 360,363, discretionary appeal not allowed (1998), 83 Ohio St.3d 1464. A movant is entitled to summary judgment pursuant to Civ.R. 56(C) when she demonstrates:
 "* * * that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party." Miller v. Bike Athletic Co. (1998), 80 Ohio St.3d 607, 617.
Appellant agrees that the principles of res judicata and collateral estoppel apply to administrative proceedings to bar relitigation of claims and issues previously adjudicated. See, e.g., McCabe v. ZellerCorp. (1997), 117 Ohio App.3d 209, 213. However, appellant contends that the injury in the first claim is different from the injury in the second claim. Therefore, she argues, her second claim would not be barred by resjudicata. According to appellant, the first claim was for a specific injury, and it was denied on the basis that there was no evidence of a specific injury. The second claim, appellant argues, was for overuse tendonitis caused by her duties operating a tow motor.
Appellee, on the other hand, contends that the first claim was for a specific injury and for injury caused generally by appellant's job duties. Appellee points to the two relevant paragraphs in the district hearing officer's decision on the first claim; one paragraph denies the claim because there is no evidence of a specific injury and the second paragraph denies the claim because there was no causal relationship between appellant's pain and her employment activities. Nevertheless, appellant claims that because the district hearing officer on the first claim did not specify appellant's employment activities as being related to a tow motor, that claim is different from the second; the second claim alleged injury specifically as a result of overuse while operating a tow motor.
We agree with appellee that appellant's second claim was properly denied because it was the same claim already adjudicated in claim number 99-426203. The two claims have the same diagnosis for an injury on the same date (despite the slight discrepancy of one day), and they both alleged injury arising from a specific injury and from appellant's employment activities in general. The fact that the district hearing officer's decision on the second claim specified that appellant's employment activities included operating a tow motor does not persuade us that the claim is different from the first claim. The district hearing officer on the first claim recognized in her decision that appellant operated a tow motor, and she found that appellant's injuries were not related to her employment activities.[1]
Because we conclude that res judicata barred litigation of appellant's second claim, we find that appellant's sole assignment of error is not well-taken.
On consideration whereof, we find that substantial justice was done the party complaining and the decision of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] We agree with appellee that appellant's reliance on McCabe v.Zeller Corp. (1997), 117 Ohio App.3d 209 is misplaced. In McCabe, the court specifically found that the claimant's two claims were based on different sets of facts. See id. at 214-215. That is not the case here.