QUALITY READY MIX, INC., APPELLEE, *v.* MAMONE, CHIEF, DIV. OF
RECLAMATION, APPELLANT.

[Cite as Quality Ready Mix, Inc. *v.* Mamone (1988), 35 Ohio St. 3d 224.]

(No. 87-18—Decided March 9, 1988.)

*Barrett G. Kemp,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Bryan F. Zima,* for appellant.

SWEENEY, J. The instant appeal involves our review of the administrative determination reached by the Reclamation Board of Review and the effect, if any, that the prior action instituted by the landowners against appellee may have had upon that determination. At the outset, however, it is necessary to consider the standard of review to be applied on appeal of a Reclamation Board of Review decision. In the case at bar, the court of appeals concluded that the common pleas court was correct in reviewing the decision

of the board in terms of whether it was supported by "reliable, probative, and substantial evidence." This standard is prescribed in R.C. 119.12. It provides in relevant part:

"Any party adversely affected by *any order* of an agency *issued pursuant to an adjudication* denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or *revoking or suspending a license,* or allowing the payment of a forfeiture under section 4301.252 of the Revised Code, *may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident,* * * *.

"* * *

"*The court may affirm the order* of the agency complained of in the appeal *if it finds,* upon consideration of the entire record and such additional evidence as the court has admitted, *that the order is supported by reliable, probative, and substantial evidence and is in accordance with law.* In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *" (Emphasis added.)

It is apparent that R.C. 119.12, by its terms, does not apply to appeals of orders such as the one in the case *sub judice.* R.C. 119.12 applies to an order revoking or suspending a license. The decision of the board in case No. RBR-27-82 did not affirm the revocation or suspension of the surface mining permit of appellee. Rather, it affirmed chief's Order No. 4497 issued to appellee to reclaim the property in question by a certain date. Only upon non-compliance with the order would suspension of the permit or revocation be contemplated.

R.C. 1514.09 and 1513.14 govern appeals from the Reclamation Board of Review. R.C. 1514.09 provides in relevant part:

"*Notwithstanding section 1513.14 of the Revised Code, appeals from an order of the board pertaining to surface mining may be taken to the court of common pleas* of the county in which the operation is located, or to the court of common pleas of Franklin County." (Emphasis added.)

R.C. 1513.14 provides:

"(A) *Any party aggrieved or adversely affected by a decision of the reclamation board of review* may appeal to the court of appeals for the county in which the activity addressed by the decision of the board occurred, is occurring, or will occur, which court has exclusive jurisdiction over the appeal. * * *

"* * *

"The court shall affirm the decision of the board unless the court determines that it is arbitrary, capricious, or otherwise inconsistent with law, in which case the court shall vacate the decision and remand to the board for such further proceedings as it may direct." (Emphasis added.)

It is evident from a reading of these two sections that the General Assembly intended R.C. 1513.14 to apply to appeals of board decisions pertaining to the surface mining of sand and gravel. The only variation from the appeal mechanism provided by R.C. Chapter 1513 (pertaining to the surface mining of coal) is the language in R.C. 1514.09 that the appeal initially be taken to the common pleas court rather than the court of appeals as provided by R.C. 1513.14. In all other respects, R.C. 1513.14 applies to appeals of decisions by the board pursuant to R.C. Chapter 1514.

Moreover, it is an elementary rule of statutory construction that, in the absence of language to the contrary, a

specific statute controls over a general provision. Assuming there exists a conflict between R.C. 119.12 and 1513.14 (a conflict which in fact does not exist since R.C. 119.12 does not govern appeals of administrative determinations such as the one in the case at bar), the more specific code section (R.C. 1513. 14) would prevail.

Thus, the appeal of an adverse decision by the Reclamation Board of Review involving a permit for the surface mining of minerals other than coal is governed by R.C. 1513.14 and 1514.09. Accordingly, the standard of review that the common pleas court should have applied was whether the decision of the board was "arbitrary, capricious, or otherwise inconsistent with law." However, inasmuch as the basis for the common pleas court's holding appears to have been a legal rather than factual determination, it remains necessary to consider whether the board decision was lawful.

While the common pleas court did not specifically give *res judicata* effect to its prior decision in *Liffiton et al.* v. *Quality Ready Mix, Inc.*, the court of appeals concluded that such was at least a partial basis for the trial court's determination. The court of appeals correctly stated the test announced by this court in *Norwood* v. *McDonald* (1943), 142 Ohio St. 299, 305, 27 O.O. 240, 242, 52 N.E. 2d 67, 71, as follows:

"A comprehensive definition of *res judicata* is as follows: 'The doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' 30 American Jurisprudence, 908, Section 161. * * *"

It is readily apparent that a prior judgment, to have *res judicata* effect, must involve the same issues, and the same parties as the later proceeding. That is not the case in the present controversy. The Chief of the Division of Reclamation was not a party to the prior proceeding nor was he in privity with a party thereto. Moreover, the issues in each case are different. The prior action concerned the *private* contract rights of a private party against appellee. In the present action, appellant is seeking to enforce the responsibilities that appellee has to the public at large in complying with the reclamation laws. The actions required to fulfill both obligations may or may not entail identical efforts. Nevertheless, they are separate and distinct obligations and fulfillment of one does not discharge the obligation to fulfill the other. In this sense, the matter is not unlike the civil and criminal liability arising from the commission of one act. Thus, the court of appeals correctly concluded that:

"The provision in the lease agreement regarding reclamation was separate and apart from the permittee's arrangement with and duty to the State of Ohio to reclaim the land."

It is evident, therefore, that the outcome of the action between the landowners and appellee has no bearing on the present controversy. Neither appellant nor anyone in privity with him was a party to the prior proceeding. Moreover, the obligations sought to be enforced by the two actions are separate and distinct. We therefore hold that a prior judgment will not be afforded *res judicata* effect where the later proceeding to which it is sought to be applied involves different issues and different parties.

Irrespective of its holding as to *res judicata,* the court of appeals concluded that the prior decision bars the present enforcement action by the Chief of the Division of Reclamation.

In reaching its conclusion, the court of appeals stated:

"We observe, however, that the complaint and amended complaint, the summons on the complaint, the answer, counterclaim and amended counterclaim, the court's instructions to the jury, the court's separate findings of fact and conclusions of law, and the entry of judgment in case number 81-305; Timothy K. Liffiton, et al. v. Quality Ready Mix, were all admitted without objection, *except as to relevancy,* as exhibits before the Board of Review in this case and were transmitted to the Court of Common Pleas by the Board of Review as a part of the record before the Board.

"By reference to those exhibits it is evident that appellee is placed in the dilemma of having been precluded from reclaiming by the owners and being assessed $20,000 in damages therefor and yet being under an order of the chief to reclaim." (Emphasis added.)

The court of appeals apparently believed that the prior action created a legal impossibility by which appellee was foreclosed from performing its statutory obligations. It reached this determination despite its acknowledgment that an objection based on relevancy was interposed with respect to the admission of exhibits relating to the prior action. However, relevancy is precisely the basis upon which the prior decision is subject to challenge. The obligations resulting from the contract action have no bearing on this enforcement proceeding. Moreover, any obligations imposed upon appellee as a consequence of the prior action do not and could not have an effect upon its obligation to the citizens of Ohio.

Assuming *arguendo* that the previous decision can be considered relevant, it is by no means apparent that, because of that decision, appellee would be liable for trespass should it attempt to fulfill its statutory responsibilities. There was no demonstration that the landowners would not permit appellee on the land for purposes of reclamation. Until such time as entry to the property is denied for that purpose, a defense predicated upon any alleged impossibility of performance does not arise. The duty of appellee to reclaim the property which is the subject of this action is not a contractual one, but one arising from statute.

Finally, even if one were to assume that appellee would be denied access to the property of the landowners, it is highly doubtful that it would be without legal recourse. In *Gannon* v. *Mobil Oil Co.* (C.A. 10, 1978), 573 F. 2d 1158, the federal appellate court held that the performance of a statutory obligation imposed by the environmental laws of a state (plugging of abandoned oil wells) defeated any claim of trespass asserted by the property owner. This holding was at least partially based on the implicit realization that statutory obligations remain unaltered by any contractual arrangements between landowners and operators.[1]

This final point is particularly worth noting. Not only would affirmance of the courts below allow private parties to contract away their statutory obligations, but it would also undermine the comprehensive regulatory program enacted by the legislature. The surface mining law requires division approval prior to the transfer of responsibilities for reclamation from one party to another. The reason for such approval is to assure that recla-

---

[1] This court expresses no opinion as to the legal remedies, if any, which may be available to appellee as a consequence of its performance of reclamation in accordance with appellant's Order No. 4497.

mation is undertaken in such a manner as to protect the environment, public health and safety and the well-being of adjacent property owners. To permit a *de facto* transfer of responsibilities by virtue of a judicial decision in a private contract action would undermine the regulatory framework prescribed by the General Assembly.

Therefore, it is our further determination that the doctrine of legal impossibility, while relevant to the enforcement of contractual obligations, has no application to the performance of responsibilities imposed by statute.

Accordingly, the decision of the court of appeals is hereby reversed and the cause is remanded to the trial court for proceedings not inconsistent with this opinion.

*Judgment reversed
and cause remanded.*

MOYER, C.J., LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

HOLMES, J., dissents.