JOURNAL ENTRY AND OPINION
This is a consolidated appeal from the orders of (1) Domestic Relations Judge James P. Celebrezze and (2) Juvenile Court Judge John W. Gallagher. In No. 76075, plaintiff-appellant Yvette Sullivan, f/k/a Yvette Whitten, challenges the sua sponte dismissal of her Petition To Register Foreign Decree And Request To Modify Visitation, asserting that the judge abused his discretion in concluding, on the basis of res judicata,
he did not have jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA). In No. 76092, she contends it was error to grant habeas corpus relief on the petition filed by appellees Frank Whitten, Jr., the father of her two minor children, and Carol and Frank Whitten, Sr., their paternal grandparents,[1] based upon a 1998 custody order issued by an Indiana judge. She also claims that the judge abused his discretion in concluding that he did have jurisdiction under the UCCJA when he had previously concluded he lacked jurisdiction based upon the then pending domestic relations court action. We disagree and affirm both judgments.
The record discloses the following. On September 20, 1990, the Second Judicial District Court, County of Bernalillo, New Mexico, issued a final decree of dissolution of marriage of Sullivan and Whitten which incorporated a marital separation agreement. Under the terms of that agreement, Sullivan would have sole legal and physical custody of Cynthia Dawn Whitten, d.o.b. July 28, 1985, and Jonathan Curtis Whitten, d.o.b. March 31, 1988. Whitten agreed to have no visitation with the minor children until both his therapist and the children's therapist reached a mutual agreement that such visitation would be appropriate or a full custody evaluation is completed and the Court approves a new order directing visitation between the Respondent and the minor children.
On July 14, 1995, the Whittens, then residents of Mississippi, filed a Petition To Domesticate/Modify Existing Order and a Petition For Visitation in the Lake Superior Court, Civil Division, in East Chicago, Indiana, where Sullivan lived with the children. After a three-day hearing, Judge William E. Davis, of that court, issued an order on September 17, 1997, modifying the original New Mexico decree to the extent that it granted limited visitation to Whitten and his parents. The visitation was to be supervised by the children's guardian ad litem with the object of establishing unrestricted[,] unsupervised visitation as soon as the Guardian recommends same to the Court.
Status hearings were scheduled and rescheduled to March 19, 1998. On March 6, 1998, Sullivan filed a Notice of Intent to Move Out of State and, on March 12, the Whittens responded with a Motion To Review/Modify The Custody/Visitation Provisions. At the March 19th hearing, Judge Davis gave Sullivan conditional permission to move to Ohio, and then reset the hearing for July 13, 1998. On June 16, 1998, the Whittens filed a Supplemental Petition For Modification of Custody and Visitation, and requested sanctions. At Sullivan's request, Judge Davis granted a continuance for the hearing until September 4, 1998.
In the interim, the Whittens requested a limited hearing to address summer visitation, which was scheduled for July 2. On that date, the judge granted the Whittens' petition, set visitation for July 17, 1998 through August 28, 1998, and ordered Sullivan to provide the guardian ad litem with her Ohio residential address.
On July 27, 1998, in the Cuyahoga County Court of Common Pleas, Domestic Relations Division, Sullivan filed a Petition To Register Foreign Decree, which she combined with a Motion To Modify Visitation and a Motion To Show Cause. She attached to this document copies of the initial decree issued by the New Mexico court, the subsequent September 1997 modification decree issued by the Indiana court, and a certified copy of the case docket of the Indiana court. In her affidavit attached to her petition, she alleged that, since being granted visitation in 1997, Whitten had engaged in inappropriate behavior with their daughter and that he had previously put the children in jeopardy of their safety and well-being * * * by inappropriate actions which have caused the minor children to be put in physical and psychological danger.
On August 31, 1998, Judge Davis issued an order that set forth a review of the proceedings before him and noted he had conditioned Sullivan's and her children's relocation to Ohio upon continuing compliance with the provisions concerning the guardian ad litem and visitation while the [Whittens'] Motion to Modify and any other issue was set for a hearing on July 13, 1998. He recounted the following issued a temporary restraining order forbidding Sullivan from further violating visitation orders and set a hearing for July 23, 1998; (2) on July 23, 1998, he had issued a permanent injunction; and (3) on July 28, 1998, the Whittens had filed a Supplemental Request To Modify Visitation, which indicated that Sullivan continually failed to cooperate with the guardian ad litem.
Judge Davis also made note of Sullivan's Ohio petition to register foreign decree, which averred that her children had resided in Ohio for more than six months when the children, in fact, had not done so. The petition fails to note that there are pending petitions, including requests for Modification of Custody, which are and have been set for hearing in this court. The order further indicated as follows:
 16) The court further finds that this court[']s conditional permission to Yvette Sullivan, to proceed to the State of Ohio, was issued in March of 1998 which does not yet constitute six (6) months. In addition the court finds that the six (6) month provision of the Uniform Child Custody Act was specifically addressed, in open court on March 19, 1998 and the court specifically advised the parties that the future hearing dates concerning custody were being chosen to avoid any specter of complicating the home-state issue.
 17) The court finds that by her pro se pleadings filed in this court on July 21, 1998 [after her attorney had been granted permission to withdraw] seeking modification of this court[']s orders are indicative that Yvette Sullivan acknowledges this court[']s jurisdiction and further by seeking affirmative relief she continues to submit to this court's jurisdiction.
Judge Davis then denied Sullivan's request to modify his orders. He found that her actions were detrimental to the children and impact upon her parental fitness, awarded custody to Whitten, awarded Sullivan limited supervised visitation, and ordered her to pay support in accordance with attached guidelines. He also found Sullivan in contempt, ordered her to pay $600 in attorney fees, and specifically retained jurisdiction.
On September 8, 1998, in the Cuyahoga County Domestic Relations case, the Whittens filed a limited appearance for the purpose of contesting jurisdiction. On September 11, 1999, Judge Davis issued a nunc protunc order on his March 19, 1998 entry which specifically retained jurisdiction in the Lake Superior Court for a period of at least six (6) months even if the Mother moves the children out of Indiana.
On September 17, 1998, the Whittens filed a Motion To Dismiss For Want Of Subject Matter Jurisdiction pursuant to the UCCJA in the Cuyahoga Domestic Relation case. Judge Celebrezze granted this motion and dismissed the petition on October 2, 1998 but sua sponte vacated the order, on October 6, 1998, because it had been entered in error. Sullivan's lawyer never filed a response to this motion to dismiss during the pendency of the action.
On September 29, 1998, the Whittens filed in the Juvenile Division of the Cuyahoga County Court of Common Pleas a Complaint In Habeas Corpus Or, In The Alternative, Motion For Emergency Ex Parte Order Of Possession. The clerk assigned the petition to the docket of Judge John W. Gallagher. By letter dated October 9, 1998, the Whittens asked the judge to delay the hearing on their request for habeas corpus relief until after an October 19, 1998 hearing scheduled by Judge Celebrezze.
After the October 19, 1998 hearing, Judge Celebrezze issued an interim agreed judgment entry through which the parties consented to the jurisdiction of Ohio and to a scheduled Thanksgiving holiday visitation with the Whittens. On November 13, 1998, he issued a second interim order specifically assuming jurisdiction of this matter, granted temporary possession of the children to Sullivan, provided further details of the Thanksgiving visitation, and ordered the parties to provide him with additional information from the Indiana court.
On February 18, 1999, Judge Celebrezze issued the following order from which Sullivan now appeals:
 The court, sua sponte, after considering the facts in this case, hereby dismisses the within action for want of jurisdiction pursuant to O.R.C. 3109.22. All orders previously issued by this court are hereby vacated and held for naught.
On February 19, 1999, the Whittens filed a motion to reinstate their complaint for writ of habeas corpus in the juvenile court action. On February 23, 1999, Sullivan moved to dismiss the complaint. After a hearing on March 2, 1999, Judge Gallagher granted the petition and writ of habeas corpus and ordered Sullivan to give the children to Whitten before 5:00 p.m. that evening, which she did. Sullivan filed an appeal from this order as well as that of Judge Celebrezze and, upon her motion, we consolidated these appeals for our review.
In her first and second assignments of error, Sullivan asserts:
 I. THE DOMESTIC RELATIONS COURT OF CUYAHOGA COUNTY COMMITTED REVERSIBLE ERROR BY NOT FOLLOWING THE STANDARD FOR DETERMINING JURISDICTION AS SET FORTH IN [THE] UCCJA WHEN MAKING ITS DECISION CONCERNING JURISDICTION OF THE CUYAHOGA COUNTY DOMESTIC RELATIONS COURT IN THIS CASE.
 II. THE DOMESTIC RELATIONS COURT OF CUYAHOGA COUNTY COMMITTED AN ABUSE OF DISCRETION BY ITS SUA SPONTE DECISION IN FEBRUARY, 1999 THAT THE DOMESTIC RELATIONS COURT LACKED JURISDICTION TO HEAR THIS CASE AFTER HAVING DETERMINED IN SEPTEMBER, 1999 [SIC, 1998] THAT THE DOMESTIC RELATIONS COURT DID HAVE JURISDICTION OVER THIS MATTER.
Sullivan contends that her children lived in Ohio for eleven months before being removed and, therefore, have significant connections with this state. In addition, she contends Ohio is the most convenient forum because it has optimum access to relevant evidence about the children and the family and it is in the superior position to determine the best interests of the children.
In response, the Whittens assert that jurisdiction cannot lie in Ohio because (1) Ohio is not the children's home state (2) the children have had no significant connection with the state and there was no available evidence of a substantial nature within the state concerning the children's present or future care (3) the children were not abandoned, and (4) Indiana did not decline to exercise jurisdiction. They contend that the then pending parenting proceeding in Indiana precluded any subject matter jurisdiction by an Ohio court.
 [T]he express purposes of the Uniform Child Custody Jurisdiction Act (UCCJA), adopted in Ohio in 1977 and codified at R.C. 3109.21 through R.C. 3109.37, which are, inter alia, to avoid jurisdictional competition and conflict with the courts of other states and assure that the state with the optimum access to the relevant facts makes the custody determination, thus protecting the best interests of the child. See UCCJA, (9 Uniform Laws Annot. 111); Annotation, 96 A.L.R.3d 968.
 In re Wonderly's Guardianship (1981), 67 Ohio St.2d 178, 180,423 N.E.2d 420. The jurisdictional prerequisites as set forth in R.C.3109.22 provide, in pertinent part, as follows:
 (A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 (1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
 (2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
 (3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;
 (4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A) (1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction.
The conditions enumerated in R.C. 3109.22(A) apply to the initial assumption of jurisdiction by an Ohio court and to the subsequent assumption of jurisdiction to change or modify a custody decree issued by another state under R.C. 3109.31(A). State ex rel. Aycock v. Mowrey (1989),45 Ohio St.3d 347, 350, 654 N.E.2d 657. If one of the four jurisdictional prerequisites applies, the decision whether to exercise such jurisdiction is left to the discretion of the judge. In re Nath (June 12, 1997), Cuyahoga App. No. 70926, unreported; see, also, R.C.3109.25 (allowing the court to decline jurisdiction based upon inconvenience of the forum).
R.C. 3109.31(A) prohibits an Ohio court from modifying a decree rendered in another state unless it appears to the court of this state that the court that rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 3109.21 to 3109.36 of the Revised Code, or has declined to modify the decree, and the court of this state has jurisdiction. In addition, R.C. 3109.24(A) specifically precludes a court of this state from exercising jurisdiction if[,] at the time of filing the petition[,] a parenting proceeding concerning the child was pending in a court of another state exercising jurisdiction substantially in conformity with sections 3109.21 to 3109.36 unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.[2] See Inre Simons (1997), 118 Ohio App.3d 622, 628, 693 N.E.2d 1111.
When a court of this state learns, during the course of a parenting proceeding, that another parenting proceeding is pending in another state, the UCCJA requires the Ohio court to stay the proceedings and communicate with the court of the other state for the purposes of litigating the action in the more appropriate forum and ensuring the proper exchange of information. R.C. 3102.24(C). In addition, if a court of this state issues a parenting decree before learning of the other pending proceeding, the UCCJA requires the Ohio court to immediately inform the other court of this fact. Id.
Sullivan presented nothing below to show that jurisdiction lies, in the first instance, in the Domestic Relations Division of the Cuyahoga County Court of Common Pleas under any subdivision of R.C.3109.22(A).[3] Had she satisfied one of the four jurisdictional prerequisites, however, it is clear from the entries on the certified copy of the Indiana court's case file docket attached to her petition that Indiana had continuing jurisdiction. The Whittens' March 12, 1998 Motion To Review/Modify the September 17, 1997 Visitation/Custody Order, based upon Sullivan's planned move to Ohio, was pending on July 27, 1998, the day she filed her Petition And Request To Modify Visitation in the Domestic Relations Division of Cuyahoga County. This alone precluded Judge Celebrezze from exercising jurisdiction over the matter until Judge Davis stayed the action in his Indiana court. R.C. 3109.24(A), (C). Moreover, the docket reveals that a month before Sullivan filed the petition in Ohio, Judge Davis had continued a hearing on the Whittens' March 12, 1998 motion and their June 16, 1998 request for sanctions and supplemental motion to modify custody until September 4, 1998, at Sullivan's request,
Sullivan's Ohio petition, itself, was evidence that a parenting proceeding was pending before an Indiana judge and, as such, the UCCJA did not provide any Ohio judge the authority or discretion to modify a September 17, 1997 order issued by Judge Davis. R.C. 3109.24(A); R.C. 3109.31(A). Because the judge could not have assumed jurisdiction from the outset of the proceedings, he did not err when he dismissed the proceedings pursuant to R.C. 3109.22. The first and second assignments of error are overruled.
The third and fifth assignments of error state:
 III. THE DOMESTIC RELATIONS COURT OF CUYAHOGA COUNTY VIOLATED THE PRINCIPLE OF RES JUDICATA BY IT BY ITS [SIC] SUA SPONTE DECISION IN FEBRUARY 1999 THAT THE DOMESTIC RELATIONS COURT LACKED JURISDICTION TO HEAR THIS CASE AFTER HAVING DETERMINED IN SEPTEMBER 1999 [SIC, 1998] THAT THE DOMESTIC RELATIONS COURT DID HAVE JURISDICTION OVER THIS MATTER.
 V. THE CUYAHOGA COUNTY JUVENILE COURT VIOLATED THE PRINCIPLE OF RES JUDICATA BY ITS FEBRUARY, 1999 DECISION THAT THE JUVENILE COURT HAD JURISDICTION TO ENTERTAIN APPELLEE'S WRIT OF HABEAS CORPUS AFTER HAVING DETERMINED IN SEPTEMBER, 1998 THAT THE JUVENILE COURT DID NOT HAVE JURISDICTION OVER THIS MATTER.
Sullivan argues that because the domestic relations judge initially concluded he had jurisdiction and the parties had agreed to his jurisdiction, he violated the doctrine of res judicata when he issued an order finding that he lacked jurisdiction. She also argues that the juvenile court judge violated the doctrine of res judicata when he entered the writ of habeas corpus after previously determining that he did not have jurisdiction.
The Whittens counter that, as a matter of law, parties cannot agree to confer jurisdiction upon an Ohio court and, moreover, the Indiana court had allowed Sullivan to move only upon the express condition that it retained jurisdiction of the matter.
Sullivan failed to provide this court with any authority to support either of these assignments of error as required by App.R. 16(A)(7). In addition, our review indicates that her assignments of error lack merit as the case law holds to the contrary.
 "A comprehensive definition of res judicata is as follows existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' 30 American Jurisprudence, 908, Section 161. * * *."
Quality Ready Mix, Inc. v. Mamone (1988), 35 Ohio St.3d 224, 227,520 N.E.2d 193, quoting Norwood v. McDonald (1943), 142 Ohio St. 299,305, 27 O.O. 240, 242, 52 N.E.2d 67, 71. Because Judge Celebrezze's October 19 and November 13, 1998 interim orders assuming jurisdiction werenot final judgments rendered upon the merits and were part of the same proceeding, the doctrine of res judicata did not apply to prevent the judge from concluding later that he did not have jurisdiction over the parenting proceedings. See United Tel. Co. of Ohio v. Tracy (1999),84 Ohio St.3d 506, 511, 705 N.E.2d 679 (discussing inappropriate application of collateral estoppel and res judicata to same proceeding). Therefore, those interim orders also had no affect upon Judge Gallagher's March 2, 1999 grant of habeas corpus.
In addition, the jurisdiction of the Ohio courts over parenting proceedings is specifically delineated in R.C. 3109.22(A), which precludes the exercise of jurisdiction unless one of the four jurisdictional prerequisites are met. The act does not specifically allow the parties to agree to the jurisdiction of a particular court. To allow the parties to parenting proceedings to agree to the jurisdiction of a particular state court, where jurisdiction is otherwise lacking, would defeat the purpose of the UCCJA, i.e., to avoid jurisdictional competition and conflict with the courts of other states and assure that the state with the optimum access to the relevant facts makes the custody determination, thus protecting the best interests of the child. In re Wonderly's Guardianship,67 Ohio St.2d at 180. It would also directly interfere with the exercise of the court's discretion in assuming jurisdiction. Therefore, an agreement to submit a parenting proceeding to an Ohio court cannot confer jurisdiction under the UCCJA. Sullivan's third and fifth assignments of error are overruled as lacking merit.
In her fourth assignment of error, Sullivan asserts as follows:
 IV. THE CUYAHOGA COUNTY JUVENILE COURT COMMITTED AN ABUSE OF DISCRETION BY ITS FEBRUARY, 1999 DECISION THAT THE JUVENILE COURT HAD JURISDICTION TO ENTERTAIN APPELLEE'S WRIT OF HABEAS CORPUS AFTER HAVING DETERMINED IN SEPTEMBER, 1998 THAT THE JUVENILE COURT DID NOT HAVE JURISDICTION OVER THIS MATTER.
Because Sullivan failed to argue this assignment of error separately in her brief as required under App.R. 16(A), we will disregard it in accordance with App.R. 12(A)(2). E.g., Chandler Assoc., Inc. v. America'sHealthcare Alliance, Inc. (1997), 125 Ohio App.3d 572, 589,709 N.E.2d 190, discretionary appeal allowed (1999), 81 Ohio St.3d 1501,691 N.E.2d 1061, appeal dismissed as improvidently allowed (1999),84 Ohio St.3d 1254, 705 N.E.2d 1235.
The judgment is affirmed.
It is ordered that the appellees recover from appellant their costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ JUDGE, ANNE L. KILBANE
 LEO M. SPELLACY, P.J., CONCURRING IN JUDGMENT ONLY WITH SEPARATECONCURRING OPINION.
 KENNETH A. ROCCO, J., CONCURRING IN JUDGMENT ONLY.
[1] Throughout this opinion we will use Whitten to refer to Frank, Jr. only. Whittens will refer to Frank, Jr. and the paternal grandparents.
[2] A parenting proceeding includes proceedings where the court makes a parenting determination allocating parental rights and responsibilities for the care of the child, including any designation of visitation rights and designation of a residential parent and legal custodian of the child, or providing for the custody of a child, including visitation rights, as it relates to any other person. R.C. 3109.21(B)-(C).
[3] We note that, while she claimed on the day she filed her petition that the children had lived in Ohio for six months, she implicitly acknowledges in her brief, and the record supports the conclusion, that the children had resided in Ohio for less than six months in July 1998.