JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
Appellant, Henry Earl Yanish (Henry Earl), appeals from the judgment of the Cuyahoga County Court of Common Pleas, granting the motion for summary judgment filed by appellee Tina Marie Moore, fka Tina Marie Yanish (Tina Marie).
On March 19, 1996, in Cuyahoga County Court of Common Pleas Case No. CV-305176, appellant filed a complaint against his son, appellee Henry Frank Yanish (Henry Frank), and his daughter-in-law, Tina Marie. In his complaint, appellant alleged that Henry Frank and Tina Marie had breached a contract in which they had agreed to repay appellant the money he had paid to help them purchase a home located at 15156 Prospect Road, Strongsville, Ohio.
In response, on April 11, 1996, Tina Marie filed a motion to dismiss appellant's complaint. In her motion to dismiss, Tina Marie argued that the trial court should dismiss appellant's complaint because the lawsuit was duplicative in that appellant's cause of action for breach of contract was already being addressed by the Cuyahoga County Court of Common Pleas, Domestic Relations Division, in Case No. D-244429. Appellant had previously intervened in Case No. D-244429, the divorce case filed by Tina Marie against Henry Frank on December 13, 1995, in order to assert his interest in the Prospect Road property, which was subject to division as a result of the divorce proceedings.
Appellant failed to file a response to Tina Marie's motion to dismiss, and on May 30, 1996, the trial court granted her motion and indicated on its journal entry that the dismissal was with prejudice. On June 18, 1996, appellant filed a motion for relief from judgment, which was denied by the trial court on July 11, 1996. Thereafter, on August 9, 1996, appellant filed a notice of appeal in this court; however, on April 3, 1997, we, sua sponte, dismissed his appeal for failure to file an appellate brief.
On December 13, 1999, appellant filed a motion to set a status hearing in the trial court asserting that his breach of contract claim against Henry Frank and Tina Marie had been transferred to the court of common pleas, general division, from the domestic relations division. As support for his motion, appellant relied on this court's opinion in Yanish v. Yanish (Nov. 24, 1999), Cuyahoga App. No. 75305, unreported, in which we reversed the decision of the domestic relations court in Case No. D-244429 that determined that Tina Marie and Henry Frank each had a twenty-five percent interest in the Prospect Road property.
On May 10, 2000, Tina Marie filed a motion for summary judgment against appellant, arguing that appellant's breach of contract claim was barred by the doctrine of res judicata because the trial court had previously dismissed, with prejudice, appellant's complaint in Case No. 305176. In response to Tina Marie's motion for summary judgment, appellant argued that summary judgment was inappropriate because his breach of contract claim was not a recommencement of the action filed in March of 1996, but was properly before the court of common pleas, general division, as stated by the court of appeals in Yanish, supra. On August 10, 2000, the trial court granted Tina Marie's motion for summary judgment on the grounds that appellant's breach of contract claim was barred by the doctrine of res judicata. From this judgment, appellant assigns the following error:
 THE TRIAL COURT ERRED IN GRANTING A SUMMARY JUDGMENT BY RULING THAT CASE NO. CV305176 WAS RES JUDICATA.
In appellant's sole assignment of error, he alleges that the trial court erred by granting Tina Marie's motion for summary judgment. Appellant contends that the trial court's May 30, 1996 dismissal does not bar his breach of contract claim because that matter has never been litigated. He argues that the prior dismissal does not constitute a valid final judgment because the same contract claim was pending before the domestic relations court and the matter has now been transferred back to the court of common pleas, general division, by the domestic relations court for an adjudication on the merits.
Appellant also relies on this court's opinion in Yanish, supra, to support his contention that the trial court's March 19, 1996 dismissal does not bar litigation of his breach of contract claim. In Yanish, this court reversed the decision of the domestic relations court insofar as it had assigned a monetary value to the respective interests of Henry Earl, Henry Frank, and Tina Marie in the Prospect Road Property. We concluded that [t]he monetary value of the [subject property] * * * cannot be ascertained with finality until the amount of the marital debt, if any, is computed in connection with the breach of contract claims. Id. We stated, [a]fter the breach of contract claims are determined, the domestic relations court must consider the marital debt aspect of these claims and then allocate responsibility for it in relation to the plaintiff's and defendant's 25 percent interest in this asset. Id.
We agree with appellant's contention that the breach of contract claims have never been decided; however, appellant has no remedy because he allowed his breach of contract claim to be dismissed with prejudice in March of 1996. A dismissal with prejudice is treated as an adjudication on the merits. Thomas v. Freeman(1997), 79 Ohio St.3d 221, 225, n. 1,680 N.E.2d 997, citing Tower City Properties v. Cuyahoga Cty. Bd. of Revision (1990), 49 Ohio St.3d 67, 69, 551 N.E.2d 122. Because the dismissal of appellant's breach of contract claim is treated as an adjudication on the merits, his claim is now barred by the doctrine of res judicata. As stated by the Supreme Court of Ohio,
 "`The doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.'" Quality Ready Mix, Inc. v. Mamone (1988), 35 Ohio St.3d 224, 227, 520 N.E.2d 193, quoting Norwood v. McDonald (1943), 142 Ohio St. 299, 52 N.E.2d 67.
We must conclude that the trial court's March 19, 1996 dismissal bars litigation of appellant's breach of contract claim. Although this court's opinion in Yanish indicates that the breach of contract claim should be litigated in the court of common pleas, general division, our opinion in Yanish does not provide appellant with grounds to resurrect his previously dismissed contract claims. As aptly noted by the trial court in its opinion,
 * * * the Court of Appeals' decision Plaintiff referred to reversed a decision of the Domestic Relations Court, not this court.
 Moreover, the Court of Appeals' Opinion remanded the matter to `the lower court,' i.e., the Domestic Relations court, not the Civil Division of the Court of Common Pleas.
 Plaintiff Henry Earl Yanish's failure to respond to Defendant Tina Marie Moore's Motion to Dismiss filed in the case before this court on May 3, 1996 and subsequent failure to pursue his appeal by failing to file a brief precludes Plaintiff from attempting to relitigate those claims now.
The trial court did not err by granting Tina Marie's motion for summary judgment.
For the foregoing reasons, the judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________ FRANK D. CELEBREZZE, JR., J.:
PATRICIA A. BLACKMON, P.J., CONCURS, JAMES J. SWEENEY, J., CONCURS.