This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Kiran Joshi ("Joshi"), appeals from the order of the Wayne County Court of Common Pleas, Juvenile Division, that found in favor of Appellee, Marsha Butler ("Butler").
In 1982, Butler and her son, Jerimie, born May 14, 1981, filed a paternity action against Joshi. Joshi admitted paternity and the parties entered into a "compromise agreement" that required Joshi to deposit $10,000 into a trust to be used to pay child support in the amount of $50 per month. The trial court approved the agreement and incorporated it into its judgment. In 1984, Butler and her daughter, Jessica, born January 27, 1984, filed a paternity action against Joshi. Joshi admitted all the allegations in the complaint and the parties entered into a new compromise agreement ("agreement"). This agreement modified the prior compromise agreement and established child support for both children. The agreement required Joshi to deposit $15,000 into a trust which would be used to pay child support. The agreement also included "Trust Provisions," which stated that the trustee was to pay child support from the trust in the amount of $87.50 per month per child until the death of the child receiving the support, or the child's attainment of age 18 and completion of high school, or the emancipation of the child. The trial court approved the agreement and incorporated it into its judgment.
In 1994, Joshi requested an administrative hearing regarding his child support payments.[1] The trial court ruled that it did not have the power to vary the terms of the court-approved agreement. In 1997, Butler's children, Jerimie and Jessica, moved the trial court to modify the child support payments established in the agreement. Joshi moved to dismiss. The trial court granted the motion to dismiss based on the doctrine of res judicata.
In April 1998, the trust became bankrupt and the Wayne County Child Support Enforcement Agency ("WCCSEA") received the last child support payment. On May 14, 1999, Jerimie reached the age of 18. He had previously graduated from high school. At that point, Jessica was 16-years-old and attended high school.[2] On November 30, 1999, the WCCSEA moved the trial court to construe the trust agreement to determine Butler's rights since the trust had become insolvent. On March 15, 2000, the magistrate found that the intent of the agreement was clear that Joshi make child support payments for each child until their death, until they reached the age of 18 and graduated from high school, or until they were emancipated, whichever happened first. The magistrate held that Joshi must pay monthly child support for Jessica from April, 1998, until she reached the age of 18 or was emancipated, and that Joshi must pay child support for Jerimie from April, 1998, to May 14, 1999. Joshi objected to the magistrate's findings. The trial court overruled the objections, adopted the magistrate's decision, and found Joshi's child support obligation of $87.50 per month did not terminate when the trust funds were exhausted. Joshi timely appealed and has raised four assignments of error for review. The assignments of error have been rearranged for ease of review.
 ASSIGNMENT OF ERROR II The trial court erred as a matter of law in ordering [Joshi] * * * to pay periodic support in addition to the lump sum support previously ordered and paid by [Joshi].
 ASSIGNMENT OF ERROR III The trial court erred as a matter of law in retroactively modifing [sic.] its order requiring [Joshi] to pay periodic support in addition to the lump sum support previously ordered and paid by [Joshi].
 In his second and third assignments of error, Joshi argues that he completed his support obligation pursuant to the agreement when he paid $15,000 into the trust, despite the fact that the trust funds were depleted prior to the children reaching the age of 18. Joshi claims that the trial court order requiring that he pay child support until the children reach the age of 18 results in a retroactive modification of the agreed lump sum support payment. We disagree.
The Ohio Supreme Court has found that a compromise agreement is a particular kind of contract. See Noroski v. Fallet (1982),2 Ohio St.3d 77, 79. Therefore, its interpretation is subject to the same rules of construction as other contracts. Accordingly, when the terms of a contract are unambiguous, courts look to the plain language of the document and interpret it as a matter of law. Latina v. Woodpath Development Co. (1991), 57 Ohio St.3d 212,214. Such an interpretation is reviewed de novo. Nationwide Mut.Fire. Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107,108. If the contract's terms are unambiguous, a court may not interpret the contract in a manner inconsistent with those terms. Alexander v.Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 246.
If the contract was ambiguous, the court must examine the evidence and determine the intent of the parties. Cline v. Rose (1994),96 Ohio App.3d 611, 615. "An interpretation of an ambiguous term used in a contract is a question of fact and will not be reversed on appeal absent an abuse of discretion." Maines Paper Food Serv., Inc. v.Eanes, Cuyahoga App. No. 77301, unreported, 2000 Ohio App. LEXIS 4480, at *6. Contractual terms are ambiguous if the meaning of the terms cannot be deciphered from reading the entire contract or if the terms are reasonably susceptible to more than one interpretation. United StatesFid. Guar. Co. v. St. Elizabeth Med. Ctr. (1998), 129 Ohio App.3d 45,55. "[W]here there is doubt or ambiguity in the language of a contract it will be construed strictly against the party who prepared it[.]" Smithv. Eliza Jennings Home (1964), 176 Ohio St. 351, 355.
The interpretation of a trust follows similar guidelines. "It is elementary that either the trustee or any other party having a financial interest in the trust may obtain from an appropriate court a construction of the trust instrument[.]" Sessions v. Skelton (1955), 163 Ohio St. 409,416, quoting 3 Bogert on Trusts Trustees, 472, Section 559. When the language of the trust instrument is not ambiguous, intent can be ascertained from the express terms of the trust itself. See In re Trustof Brooke (1998), 82 Ohio St.3d 553, 557.
In the instant case, the trial court found that the lump sum payment of $15,000 did not fulfill Joshi's child support obligation. The agreement clearly provided for future contributions to the trust, as evidenced by the language which stated, "[t]he property, together with any otherproperty that may later become subject of this trust, shall constitute the trust estate, and shall be held, administered, and distributed by the Trustee as hereinafter provided." (Emphasis added.) The express terms of the agreement are reasonably susceptible to only one interpretation. The agreement permits additional funding of the trust. If the goal of the trust was to merely deposit $15,000 and distribute it until exhaustion, regardless of the age of the children at the time, the parties would not have included a term providing for additional funding. Therefore, the trial court did not err in finding that the agreement required Joshi to pay child support until his children reached the age of 18 or were emancipated.
Even assuming arguendo that the language of the agreement is ambiguous, the law requires us to construe the contract against the drafter. In this case, Joshi's attorney drafted the agreement.[3]
Therefore, we reach the same result. Joshi's second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR I The trial court erred as a matter of law in exercising jurisdiction to modify a compromise agreement entered by the parties pursuant to R.C. 3111.19 and approved and incorporated into its judgment entry when the trial court had specified pursuant to R.C. 3111.16 that the judgment entry or order may not be modified or revoked.
 In Joshi's first assignment of error he argues that trial court did not have continuing jurisdiction to modify the parties' agreement. Joshi's argument is without merit.
When the trust funds were exhausted prior to the children reaching the age of 18, WCCSEA filed a motion to construe the trust agreement to determine the rights of Butler. The trust provisions of the agreement did not specifically state what was to happen in that event. As discussed in the second and third assignments of error, the present case involved the trial court's interpretation and enforcement of the agreement incorporated into its prior decree, rather than a modification of it. However, even assuming this was a modification of the agreement, we find the trial court had jurisdiction to review this matter.
The parties entered into the agreement on May 10, 1985, pursuant to R.C. 3111.19 which stated in relevant part:
 After an action has been brought and before judgment, the alleged father and the mother may, subject to the approval of the court, compromise the action by an agreement in which the parent and child relationship is not determined but in which a specific economic obligation is undertaken by the alleged parent in favor of the child.
 Joshi argued that the trial court entered judgment for a lump sum payment, pursuant to R.C. 3111.13(D), which stated:
 Support judgments or orders ordinarily shall be for periodic payments that may vary in amount. In the best interest of the child, a lump sum payment or the purchase of an annuity may be ordered in lieu of periodic payments of support.
 Joshi notes that the agreement stated that the trust was irrevocable and not subject to amendment or modification. He argues that the trial court's judgment entry of May 10, 1985, incorporated by reference the agreement for a lump sum payment, pursuant to R.C. 3111.16.
R.C. 3111.16 stated:
 The court has continuing jurisdiction to modify or revoke a judgment or order issued under this chapter to provide for future education and support and a judgment or order issued with respect to matters listed in divisions (C) and (D) of section 3111.13 and division (B) of section 3111.15 of the Revised Code, except that a court entering a judgment or order for the payment of a lump sum or the purchase of an annuity under division (D) of section 3111.13 of the Revised Code may specify that the judgment or order may not be modified or revoked.
 The Ohio Supreme Court has interpreted R.C. 3111.16 to provide a juvenile court continuing jurisdiction over all judgments or orders issued in accordance with R.C. 3111.01 to 3111.19, which includes judgments or orders that concern the duty of support or involve the welfare of a minor child. Cuyahoga Support Enforcement Agency v. Guthrie (1999), 84 Ohio St.3d 437, 443-444.
As previously discussed, the agreement did not strictly require a lump sum payment and, therefore, the trial court did not enter judgment for a lump sum payment pursuant to R.C. 3111.13. Accordingly, pursuant to R.C.3111.16, the trial court had continuing jurisdiction to modify and enforce its previous child support order.
Joshi's first assignment of error is overruled.
 ASSIGNMENT OF ERROR IV The trial court erred to the harm of [Joshi] in failing to apply the doctrines of res judicata and collateral estoppel and dismiss the motion of [WCCSEA] requesting an "interpretation" (modification) of the compromise agreement of the parties incorporated by reference into the judgment entry of May 10, 1985.
 In his final assignment of error, Joshi argues that the trial court erred when it failed to dismiss Butler's motion to construe the trust agreement, due to the doctrines of res judicata and collateral estoppel. We disagree.
The doctrine of res judicata can be divided into two subparts: claim preclusion and issue preclusion. Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 381. Under claim preclusion, a party who prevails in one action is precluded from relitigating the same cause of action against the same party. Id. at syllabus. Under issue preclusion, also known as collateral estoppel, the party is precluded from relitigating in a second action an issue that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action. Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd. (1998), 81 Ohio St.3d 392, 395, citing Whitehead v. Genl. Tel. Co. (1969), 20 Ohio St.2d 108, 112. However, "[a] prior judgment will not be afforded res judicata effect where the later proceeding to which it is sought to be applied involved different issues and different parties."Quality Ready Mix, Inc. v. Mamone (1988), 35 Ohio St.3d 224, paragraph two of the syllabus. As with any question of law, our standard of review is de novo. See Children's Med. Ctr. v. Ward (1993), 87 Ohio App.3d 504,508.
Joshi argues that Butler and her children sought modification of the May 10, 1985 judgment entry on two previous occasions. However, the record indicates that in 1994, Joshi requested an administrative hearing regarding the amount of his child support payments. In 1997, Butler's children moved to modify the child support payments. In the instant case, WCCSEA moved the trial court to construe the trust agreement to determine Butler's rights because the trust had become insolvent and the agreement did not provide for such an event. WCCSEA's motion to construe the trust agreement presents a different issue than the those previously raised. Therefore, neither res judicata nor collateral estoppel apply. Joshi's final assignment of error is overruled.
Joshi's four assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ LYNN C. SLABY
CARR, J., WHITMORE, J. CONCUR.
[1] This Court notes that Joshi incorrectly stated in his brief that Butler sought this modification. The "Findings and Recommendations of Hearing Officer," filed on August 5, 1994, specifically state that the matter came on for administrative hearing upon the request of the Obligor, noted as Joshi. The record indicates that Joshi did not file objections to these findings.
[2] Jessica will reach the age of 18 on January 27, 2002.
[3] Joshi's attorney was also named as the trustee.