BEAM et al., Appellees,

v.

The STATE OF OHIO DEPARTMENT OF NATURAL RESOURCES, DIVISION OF MINES AND RECLAMATION, Appellant.

[Cite as *Beam v. Ohio Dept. of Natural Resources, Div. of Mines & Reclamation* (2001), 142 Ohio App.3d 793.]

Court of Appeals of Ohio,
Twelfth District, Clinton County.

No. CA2000–09–022.

Decided May 21, 2001.

*Frost, Brown & Todd, LLC, Scott D. Phillips* and *Thomas A. Swope,* for appellees.

*Betty D. Montgomery,* Attorney General, and *Mark G. Bonaventura,* Assistant Attorney General, for appellant.

———

WALSH, Judge.

Appellant, the Ohio Department of Natural Resources, Division of Mines and Reclamation ("division"), appeals a decision of the Clinton County Court of Common Pleas finding that appellees, David Beam et al., are entitled to seek recovery of attorney fees as prevailing parties against the division. The judgment of the trial court is affirmed.

In late 1996, Martin Marietta Materials, Inc. submitted an application to the division, pursuant to R.C. Chapter 1514, seeking permission to mine limestone from property it owns in Clinton County. The division chief granted the request, and Martin Marietta was issued the appropriate surface mining permit in 1997.

Appellees opposed the planned mining operation and appealed the issuance of the permit to the Reclamation Commission ("commission") pursuant to R.C. 1514.09. The commission revoked the surface mining permit in December 1997, finding that it had been improperly granted. The division appealed this decision to the Franklin County Court of Common Pleas,[1] which affirmed the revocation of the permit. On subsequent appeal, the Tenth District Court of Appeals affirmed the revocation but remanded the matter to the division to determine whether a conflict exists between the entirety of Clinton County's comprehensive land use plan and Martin Marietta's proposed, postmining future use. See *Div. of Mines & Reclamation v. Clinton Cty. Bd. of Commrs.* (Nov. 23, 1999), Franklin App. Nos. 98AP–1569 and 98AP–1571, unreported, 1999 WL 1063561.

Following the commission's revocation of the mining permit, appellees filed a petition with the division seeking costs and expenses, including attorney fees, pursuant to R.C. 1513.13(E), which allows a prevailing party to seek reimbursement from the state for costs and expenses associated with the litigation of a coal mining permit. The division chief denied the petition, stating that R.C.

———

1. R.C. 1514.09 provides that, notwithstanding R.C. 1513.14, an appeal from an order of the commission may be taken to the court of common pleas of the county in which the mining operation is located or to the court of common pleas of Franklin County.

1513.13(E) is applicable to appeals of coal mining permits brought under R.C. Chapter 1513 only and does not apply to appeals from actions of the division arising under R.C. Chapter 1514. This decision was affirmed on appeal to the commission, which similarly concluded that R.C. 1513.13(E), as part of Ohio's coal mining laws, does not authorize the award of costs and expenses in appeals of industrial mineral mining permit applications arising under R.C. Chapter 1514.

Appellees appealed the commission's decision to the Clinton County Court of Common Pleas. The court of common pleas reversed the commission's decision, finding that R.C. Chapter 1514 adopts the appellate procedure of R.C. Chapter 1513. Reading these two sections *in pari materia*, the common pleas court concluded that appellees, as prevailing parties before the division, are entitled to costs, including attorney fees, under R.C. 1513.13(E). From this decision, the division appeals, raising three assignments of error.

Appellant's first assignment of error:

"The common pleas court erred when it held that the division's sovereign immunity from attorney fee awards was waived either by the General Assembly's enactment of the Court of Claims Act, R.C. [Chapter] 2743, or by R.C. 1514.09's reference to the Reclamation Commission."

R.C. Chapter 1513 regulates coal mining operations, while R.C. Chapter 1514 regulates the mining of industrial minerals (minerals other than coal), including limestone, sand, and gravel. At issue in the present case is the interaction between these two statutes. Specifically, we must decide whether a party is eligible for an award of costs and expenses pursuant to R.C. 1513.13(E) when the underlying action involves an appeal of a permit issued under R.C. Chapter 1514.

In actions involving coal mining permits, costs and expenses, including attorney fees, may be awarded to a prevailing party pursuant to R.C. 1513.13(E). In contrast, R.C. Chapter 1514 makes no specific provision for an award of attorney fees and in fact makes only a limited reference to the process of appealing an industrial minerals mining permit. R.C. 1514.09 states in its entirety:

"The reclamation commission established pursuant to section 1513.05 of the Revised Code shall serve as the reclamation commission pursuant to this chapter. However, whenever the commission is considering any appeal pertaining to surface mining, as distinguished from coal strip mining, the member representing the coal strip mine operators shall be replaced by a person who, by reason of the person's previous vocation, employment, or affiliations, can be classed as a representative of surface mine operators. The appointment of said person shall be made in accordance with section 1513.05 of the Revised Code and the person's term shall be concurrent with that of the representative of the coal strip mine operators.

"Notwithstanding section 1513.14 of the Revised Code, appeals from an order of the commission pertaining to surface mining may be taken to the court of common pleas of the county in which the operation is located, or to the court of common pleas of Franklin county."

We find that, contrary to appellant's contention, the absence of a specific section allowing for the reimbursement of costs and expenses does not indicate the legislature's unwillingness to allow for their recovery under R.C. Chapter 1514. Rather, a straightforward reading of the statute leads to the conclusion that the legislature must have intended that all of the provisions of R.C. Chapter 1513 regarding appeals would apply to appeals brought under R.C. 1514.09, save for two exceptions. First, R.C. 1514.09 alters the composition of the reclamation commission created by R.C. 1513.05. Second, it provides that an appeal may be first brought to the court of common pleas rather than to the appellate court, as required by R.C. 1513.14. These two specific diversions from R.C. Chapter 1513 indicate that the legislature intended the remaining provisions of that section to apply to appeals brought under R.C. Chapter 1514.

Indeed, in a previous, related appeal of this case before the Tenth District Court of Appeals, there was no issue as to whether the provisions of R.C. Chapter 1513 applied to the appeal of the mining permit issued pursuant to R.C. Chapter 1514. That court stated unequivocally that "[a]n appeal from a grant or denial of a surface mining permit under R.C. 1514.02 shall be taken to the Reclamation Commission under R.C. 1513.13(A)(1)." *Div. of Mines & Reclamation v. Clinton Cty. Bd. of Commrs.* (Nov. 23, 1999), Franklin App. Nos. 98AP–1569 and 98AP–1571, unreported, 1999 WL 1063561, at * 1.

As well, Ohio courts have found that other provisions of R.C. Chapter 1513 apply to appeals arising under R.C. Chapter 1514. The Supreme Court of Ohio relied on the standard of review contained in R.C. 1513.14 when determining the appropriate standard of review to be applied to an appeal brought under R.C. 1514.09. *Quality Ready Mix, Inc. v. Mamone* (1988), 35 Ohio St.3d 224, 520 N.E.2d 193, at paragraph one of the syllabus. R.C. 1514.09 makes no reference to the standard of review to be applied by a reviewing court. However, the Supreme Court held that appeals of decisions pertaining to the surface mining of industrial minerals are governed by both R.C. 1514.09 and R.C. 1513.14, stating that the two sections must be read together. The court found the following:

"It is evident from a reading of these two sections that the General Assembly intended R.C. 1513.14 to apply to appeals of board decisions pertaining to the surface mining of sand and gravel. The only variation from the appeal mechanism provided by R.C. Chapter 1513 (pertaining to the surface mining of coal) is the language in R.C. 1514.09 that the appeal initially be taken to the common pleas court rather than the court of appeals as provided by R.C. 1513.14. In all

other respects, R.C. 1513.14 applies to appeals of decisions by the board pursuant to R.C. Chapter 1514.

"* * *

"Thus, the appeal of an adverse decision by the [division] involving a permit for the surface mining of minerals other than coal is governed by R.C. 1513.14 and 1514.09." *Id.* at 226–227, 520 N.E.2d at 196.

The Sixth District Court of Appeals also found it necessary to apply the provisions of R.C. Chapter 1513 to an appeal of an industrial minerals mining permit issued under R.C. Chapter 1514. In *Call v. G.M. Sader Excavating & Paving, Inc.* (1980), 68 Ohio App.2d 41, 22 O.O.3d 36, 426 N.E.2d 798, the court was asked to consider whether injunctive relief is an appropriate remedy under R.C. Chapter 1514 absent a specific provision in that statute providing for it. The court held that R.C. Chapters 1513 and 1514 must be read *in pari materia.* Doing so, the court concluded that, in an appeal of a permit granted under R.C. Chapter 1514, injunctive relief is an appropriate remedy pursuant to R.C. 1513.15.

■ We likewise conclude that R.C. 1514.09 and R.C. 1513.13 must be read *in pari materia.* To do otherwise would be contrary to law and logic. Were the provisions of R.C. Chapter 1513 not to apply to appeals originating under R.C. 1514.09, there would be no mechanism by which to appeal an industrial minerals mining permit. Accordingly, appellees may pursue their action against the state for reimbursement of their costs and expenses, including attorney fees, pursuant to R.C. 1513.13(E).

■ The state has specifically waived its immunity from suit under R.C. 1513.13(E). Accordingly, we find no merit in appellant's further arguments that appellees are barred from seeking reimbursement for costs and expenses based on the state's sovereign immunity or the "American Rule," which requires each party to pay his own attorney fees. The first assignment of error is overruled.

Appellant's second assignment of error is as follows:

"The common pleas court erred when it did not give deference to the statutory construction of the division and Reclamation Commission regarding the limited waiver within R.C. 1513.13(E)."

■ Although deference is generally granted to a decision of an administrative body, there is no requirement that a reviewing court affirm a decision that is contrary to law. Rather, when an appeal is taken from a decision of the commission, a reviewing court is required to affirm the decision, unless "the court determines that it is arbitrary, capricious, or otherwise inconsistent with law." R.C. 1513.14(A).

The commission held that "appeals from [industrial minerals] permits issued under Chapter 1514 are 'brought' to the Commission under the authority of O.R.C. § 1514.09, not under the authority of O.R.C. § 1513.13," and concluded that "the fee shifting provision of O.R.C. § 1513.13(E) does not apply to appeals brought to the Commission under Chapter 1514." As stated in the resolution of appellant's first assignment of error, this conclusion is erroneous. Accordingly, the trial court was not required to grant deference to the commission's decision, which was inconsistent with law. The second assignment of error is overruled.

Appellant's third assignment of error reads:

"The common pleas court erred when it did not remand the matter to the chief of the division, but rather scheduled a hearing before itself to determine the amount of costs and fees to be awarded."

■ Appellant lastly contends that, if appellees are eligible for an award of attorney fees, the division chief is the proper authority to determine the appropriate amount of the award, not the common pleas court. In support of this argument, appellant cites R.C. 1513.13(E)(1)(a), which states that "[a] party * * * shall file a petition, if any, for an award of costs and expenses, including attorney's fees, with the [division] chief, who shall review the petition."

However, appellant fails to cite the following section, R.C. 1513.13(E)(2), which states:

"Whenever an order issued under this section or as a result of any administrative proceeding under this chapter is the subject of judicial review, at the request of any party, a sum equal to the aggregate amount of all costs and expenses, including attorney's fees, as determined by the court to have been necessary and reasonably incurred by the party for or in connection with participation in the proceedings, may be awarded to either party, in accordance with division (E)(1) of this section, as the court, on the basis of judicial review, considers proper."

This section plainly authorizes a court to make an award of costs and expenses, including attorney fees.

The division chief denied appellee's request for an award of attorney fees, and the matter was appropriately before the trial court on appeal. Accordingly, the trial court did not err by scheduling a hearing to determine the amount of costs and expenses to be awarded. The third assignment of error is overruled.

*Judgment affirmed.*

VALEN, P.J., and POWELL, J., concur.